LANGENDYCK
v.
BURHANS.

*Where a defendant prayed an adjournment of a cause, before a justice, and which was refused, and then voluntarily confessed judgment; this was held as waiver by the defendant of all previous irregularity.*

LANGENDYCK AND WIFE *against* BURHANS.

THIS was an action of trespass for the *mesne profits* of two undivided thirds of one undivided fourth of a farm, in *Catskill*, in the county of *Greene*. The cause was tried at the *Greene* circuit, in *September*, 1813, before the late *Chief Justice*. A judgment in ejectment, recovered by *James Jackson*, on the demise of the plaintiffs in this suit, by default, against *John Stiles*, for two undivided thirds of one undivided fourth of the above-mentioned premises, an *habere facias possessionem* issued thereon, and the sheriff's return thereto, that he had

*In an action of ejectment by one tenant in common, who has not been ousted, against his co-tenant, the latter may enter into the consentrule, where he does not dispute the title, as to part of the premises only; and the plaintiff may take judgment as to the*

residue, by default, and recover the *mesne profits* thereof from his co-tenant.

*It seems,* that in such case, where the title is not denied, the tenant need not stipulate to confess *ouster.*

No defence can be set up in an action for the *mesne profits* of land recovered under a regular judgment by default, in ejectment.

NEW YORK, caused the plaintiff to have possession of his term, within men-
October, 1814. tioned, yet to come, &c., and a taxed bill of costs in the ejectment
LANGENDYCK suit were produced, and, together with the annual value of
v.
BURHANS. the land, proved by the plaintiffs on the trial.  One action of
ejectment only had been brought on the demise of the plain-
tiffs, and on the service of the declaration therein, the pre-
sent defendant appeared, and entered into the consent rule
specially, that is, to defend as to three undivided fourth parts
of one undivided third part of the premises in question; and
on the trial to confess *lease, entry, and ouster*, &c.  On the trial
of the ejectment suit, the plaintiff recovered one third of one
fourth of the premises, for the *mesne profits* of which a dis-
tinct action had been brought, and had judgment by default
for the other two thirds of one fourth; to recover the *mesne
profits* of which the present suit was brought.  The defendant
proved that, previously to bringing the action of ejectment,
the defendant told *Langendyck*, one of the plaintiffs, that he
was willing to divide with him, and did not dispute his having
a certain right in the premises; but what that precise right
was, the witness could not recollect.

A verdict was taken for the plaintiffs, subject to the opinion
of the court, whether the present action was maintainable for
the *mesne profits* of that part of the premises which was re-
covered by default.  If it were not, a nonsuit was to be en-
tered; otherwise judgment was to be rendered for the plaintiffs.

The case was submitted to the court without argument.

SPENCER, J. delivered the opinion of the court.  The de-
fendant has misconceived his defence.  If a tenant in common,
who has not ousted his co-tenant, is sued in ejectment, all the
cases agree that he may enter into the consent rule specially,
when he does not dispute the title.  (7 *Mod.* 39.  3 *Burr.* 1897.)

It is well settled, that where the appearance is for part, the
plaintiff may sign judgment against the casual ejector for the
residue.  (2 *Sellon*, 104. 106.)  Here the defendant defended
only for the three fourths and one third of a fourth of the pre-
mises; consequently, for two thirds of one fourth there was no
defence, and the plaintiff had a right to take judgment therefor.
Though I have not met with a precedent of the special consent

rule entered into by a tenant in common, who admits the plaintiff's right to a part, yet I am persuaded it should not stipulate to confess an *ouster*, with respect to those parts of the premises claimed, and of right belonging to the plaintiff. The consequence would be, that the plaintiff would be bound to prove an *ouster*, and failing in that, he would be nonsuited. (1 *Campb. N. P.* 173.)

It is perfectly well settled that a tenant in common is not bound to prove lease, entry, and *ouster*, if the consent rule confesses it; and in all cases, but that of an ejectment brought to avoid a fine, the confession of lease, entry, and *ouster*, is sufficient to bar a nonsuit for want of proof of *ouster;* (3 *Burr.* 1895.) and particularly in an ejectment by one tenant in common against another. (4 *Johns. Rep.* 312.)

The plaintiff has regularly taken a judgment by default against the casual ejector for the parts not defended, and, according to the decision of this court, in *Baron* v. *Abeel*, (3 *Johns. Rep.* 481.) no defence could be set up against the action for the *mesne profits* consequent on the judgment by default.

Judgment for the plaintiff.