# BAY v. POPE.

In ejectment, defendant cannot have his improvements set off against the mesne profits under section two hundred and fifty-seven of the Practice Act, where the improvements were made after plaintiff's title accrued, or where the holding of the defendant is not adverse within that section.

Case remanded, with directions to add to the judgment already had in the Court below for plaintiff for the land, the yearly rent as found by the jury.

APPEAL from the Fifteenth District.

Ejectment to recover land and damages for its detention. The complaint avers ownership of the premises in one · Barber on the tenth of March, 1860, a conveyance by him to plaintiff on that day, as well as entry and ouster by defendants. The land is described as a portion of a ranch conveyed by John Bidwell to one Barber. Damages are claimed at one hundred dollars per month, from March 10th, 1860. The answer denies generally the allegations of the complaint; and avers, that defendant went into possession of the land in June, 1855, believing it to be public land of the United States; that it was then vacant, belonged to the United States, and that he has ever since occupied it; that Bidwell, under whom plaintiff holds, informed defendant at that time that he did not know that he, Bidwell, had any title thereto; that neither Bidwell, nor those claiming under him, have ever notified defendant that they, or any of them, claimed title, until five weeks before this suit, when plaintiff notified defendant of his claim; that defendant, between June, 1855, and March 10th, 1860, has put $5,000 worth of valuable improvements on the land, and that Bidwell and plaintiff stood by and suffered said improvements to be put up without notice of any claim on their part, and that, therefore, plaintiff has bought the land, if at all, (which defendant denies) subject to defendant's equity for his improvements; and that said pretended sale from Barber to plaintiff is a fraud, designed to cheat defendant out of his improvements.

In answer to special questions submitted to the jury, they found, substantially : 1st, that defendant entered upon the premises in June, 1856, and had occupied ever since; 2d, that between June, 1856, and March, 1860, defendant put permanent and valuable

improvements on the land worth $4,000 ; 3d, that plaintiff, or those under whom he claims, stood by and saw defendant put these improvements on the land without making any claim to the premises or notifying defendant of any claim ; 4th, that defendant put on the improvements in good faith, believing at the time the land to be public land of the United States ; 5th, that the rent of said premises, with the improvements, since March 10th, 1860, is worth fifty dollars per month, and without the improvements, five dollars per month ; 6th, that the title to the premises now is and at the commencement of the suit was in plaintiff.

Defendant moved for judgment that he be not disturbed in his possession of the premises until he be paid $4,000, the value of his improvements, less five dollars per month rent from March 10th, 1860 ; and that he have a lien upon and interest in the premises for $4,000, less said rent, to wit : $3,935, and for costs.

Plaintiff also moved for judgment on the special verdict for possession of the premises, and for damages at the rate of fifty dollars per month from March 10th, 1860.

The Court below held that the value of improvements can be recovered only when the party enters under color of title ; and that entry under the Possessory Act does not give color of title as against the United States Government, or those claiming under it ; and hence, that defendant could only offset his improvements as against rents and profits. Judgment was accordingly entered for plaintiff for restitution of the premises, and costs. Defendant appeals. Plaintiff also appeals from the decision of the Court refusing to allow him damages for rents and profits.

*Jos. E. N. Lewis,* for Plaintiff, Respondent and Appellant.

*Granger,* for Defendant, also Respondent and Appellant.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

Appeal and cross appeal. The judgment is affirmed in the direct appeal, with costs.

In the cross appeal the judgment is erroneous, in allowing the *recoupments* for the improvements against the mesne profits found

by the jury : 1. The improvements were made before the plaintiff's title accrued.   2. The case made by the finding and pleadings does not bring the defendant within the Practice Act (Sec. 257).   The holding of the defendant was not adverse within the section.  (See 13 Cal. 487, and cases.)

The last cause—on cross appeal—is remanded, that the proper judgment may be entered on the finding, by adding the yearly rent as damages in the judgment.

Ordered accordingly.