## HORACE W. CARPENTIER *v.* WILLIAM MITCHELL, ERASTUS FORD, JOHN M. JONES, JAMES W. MAXCY, MICHEL COHEN, GEO. ENGLEMEYER, MORRIS KLINE, THOMAS JOHNSON, C. VON WAGENER, S. D. PERKINS, DANIEL SEELY, JAMES FOSTER, GEORGE STONE, AND HENRY HOFFMAN.

DAMAGES FOR AN OUSTER BY A CO-TENANT.—A tenant in common when ousted by his co-tenant may recover the damages resulting from the ouster as well as when ousted by an entire stranger to the land.

DAMAGES RECOVERABLE FROM TIME OF OUSTER.—In an action to recover the possession of land by a tenant in common against a co-tenant, the plaintiff can recover damages only from the time of the actual ouster proved.

DAMAGES IN EJECTMENT.—In an action to recover the possession of land by the owner of an undivided one half, against defendants who entered as naked trespassers, but purchased an undivided interest after the commencement of the action, plaintiff can recover the value of one half the rents and profits, including those resulting from the improvements placed on the land by defendants, during the period of wrongful possession.

SETTING OFF VALUE OF IMPROVEMENTS AGAINST DAMAGES.—Where one who enters as a naked trespasser places improvements on the land, and afterwards buys an undivided interest, in an action against him to recover possession of the land by a tenant in common who owned prior to the wrongful entry the defendant cannot set off the value of his improvements against the damages.

LIMITATION OF TIME TO RECOVER RENTS AND PROFITS.—In an action to recover lands, the plaintiff can recover the rents and profits for three years only prior to the commencement of the action, if the defendant pleads the Statute of Limitations.

APPEAL from the District Court, Fifteenth Judicial District, Contra Costa County.

This was an action to recover possession of a tract of land in Contra Costa County, containing five hundred acres. On the 1st day of September, 1858, the plaintiff was the owner in fee and seized in law of an undivided one half of the tract. The action was commenced on the 22d day of December, 1862. The defendants were in possession of and occupying exclusively separate parcels of the tract. On the 15th day of January, 1860, the defendant Perkins, and on the 15th day of November, 1862, the defendant Johnson, and on the 2d day of September, 1858, all the other defendants, entered upon

and took possession of the several portions of the premises occupied by each, and ousted the plaintiff therefrom. The defendants, by purchase from co-tenants of plaintiff, acquired small undivided interests in the land, varying from one eightieth to one nine thousand eight hundred and fortieth part each, at the following dates: Defendant Jones, March 9th, 1860; Mitchell, May 7th, 1860; Ford, March 27th, 1860; Cohen, January 28th, 1862; Englemeyer, August 11th, 1862; and all the other defendants after the commencement of the action and before the filing of their several answers.

On the 19th of December, 1862, plaintiff demanded of all the defendants, except Seely, Perkins, and Foster, to be let into possession along with them, which demand the defendants refused to comply with. Prior to January 1st, 1860, but before any of the defendants acquired any right, title, or interest in the land or any part thereof, they erected upon the portions of the premises severally occupied by them fences and buildings, by way of improvements, of considerable value, but made no improvements after the acquisition of their respective titles.

The Court gave plaintiff judgment against each defendant, except Perkins and Johnson, for one half the value of the rents and profits, without any deduction for improvements, or the increased value of rents and profits caused by improvements, from the 2d day of September, 1858, to the 26th day of September, 1864, the day of the entry of judgment. Against Perkins and Johnson the value of one half the rents and profits was allowed from the time of their respective entries, January 15th, 1860, and November 15th, 1862.

The judgment, as modified by the Court, only allows rents and profits from December 22d, 1859, three years before the commencement of the action. Defendants appealed.

*Thomas A. Brown,* for Appellants.

One tenant in common who has been actually ousted and excluded from the common property by his co-tenant, may bring his action of ejectment to be restored to his possession

of his share, but damages cannot be recovered in such action for rents and profits, or for use and occupation of the common property. (Title 20, Sec. 9, Greenlief's Cruise.)

If, however, damages can be recovered in this action by one tenant in common against his co-tenant, such recovery can only be had for damages which occurred after the occupying tenant shall have refused upon demand made to permit his co-tenant to occupy with him the common property, and not until after the occupying tenant has actually ousted his companion from the common property, and for such time only as the property may have been *tortiously* holden by the tenant in possession. (Title 20, Secs. 9 to 14, Greenlief's Cruise, and note bottom Sec. 14.)

Any one of the co-tenants may occupy the common property, and such occupation will be deemed to be lawful and rightful, and in support of the common title of all the co-tenants until after demand by the co-tenant out of possession to be let into possession, and the refusal of the occupying tenant, or such acts on his part as would make his subsequent holding possession adverse and *tortious.* (Adams on Ejectment, with notes by Waterman, p. 136, notes; *Pico* v. *Columbet,* 12 Cal. 415, and cases cited in the opinion.)

One tenant in common cannot recover against his co-tenant for use and occupation, or for rents and profits of the common property resulting from improvements placed on the property by the tenant in possession. (*Jackson* v. *Loomis,* 4 Cowen, 171; *Moore* v. *Cable,* 1 John's Ch. R. 387.)

In making partition of land between tenants in common, it is the universal rule in Courts of equity to set off the land on which improvements have been erected to the tenants who made them, and the value of such improvements are never taken into account as part of the common property, and this without reference to the time when the parties became tenants in common. (1 Gillman, 39; 13 Johnson, 116; *Lee* v. *Fox,* 7 Dana, 176.)

*H. W. Carpentier,* for Respondent, *in pro. per.,* upon the question of the right of a tenant in common, ousted by a co-tenant, to recover mesne profits, cited *Goodtitle* v. *Toombs,* 3 Wilson, 118; Sedg. on Dam. 122; *Carpentier* v. *Williamson,* 24 Cal. 609; *Sigler* v. *Van Riper,* 10 Wend. 420; and *Panton* v. *Holland,* 17 John. 99.

By the Court, SAWYER, J.

The principal questions in this case are determined in *Carpentier* v. *Webster,* 27 Cal. 524, and *Carpentier* v. *Mendenhall,* 28 Cal. 484.   In this case the Court found an ouster by a portion of the defendants on the 19th of December, 1862, at the time of the demand by plaintiff to be let into possession, and refusal by such defendants—and by the other defendants at an earlier day; and we think the evidence on this point sufficient to justify the finding.   In *Carpentier* v. *Mendenhall,* the jury only found the evidence which tended to show an ouster without finding the fact of ouster.   Although the evidence as to some of the defendants in the two cases was substantially the same, in this particular, the findings differ.

*Damages for ouster by co-tenant.*

We see no reason why a party who has been ousted by his co-tenant should not recover the damages resulting from such ouster, as well as when ousted by an entire stranger to the land.   His injury is no less because it was done by a co-tenant. No case cited is to the effect that he is not entitled to recover his damages, while numerous authorities show that he is; and such is our opinion.   " The right to recover the mesne profits follows in all cases upon a recovery in ejectment."   (Sedg. on Dam. 123.)   "A tenant in common who has recovered in ejectment may maintain an action for mesne profits against his companion."   (Ad. on Eject. Waterman's edition, 449; *Goodtitle* v. *Toombs,* 3 Wilson, 118; *Langendyck* v. *Burhans,* 11 John. 461; *Camp* v. *Homesley,* 11 Iredell, 212; *Hare* v. *Fury,* 3 Yeates, 13.)

In the cases of defendants Jones, Mitchell, Ford, Cohen and Englemeyer, the only ouster upon which plaintiff could recover at the time of the institution of this suit, was that of December 19th, 1862—their possession being rightful from the time they respectively became tenants in common until the ouster on that day. And the only damages, which the plaintiff is entitled to recover in this action, are such as grow out of, and are incident to the ouster upon which the recovery rests. (*Carpentier* v. *Mendenhall.*) The judgment as to these defendants is, therefore, erroneous to the extent of the rents and profits allowed, which accrued prior to December 19th, 1862.

The other defendants were naked trespassers, and in the wrongful possession of the premises from the time of their respective entries till after the commencement of this suit, and plaintiff is entitled to recover one half the rents and profits during the entire period of the continuance of such wrongful possession within the Statute of Limitations.

*Improvements made on land by a trespasser.*

The improvements made by the several defendants on the premises were all found by the Court to have been made " before any of the said defendants acquired any right, title or interest in the said demanded premises, or any part thereof, as tenants in common with the plaintiffs or otherwise, and whilst they were trespassers thereon and without color of title." The defendants, therefore, were not, when said improvements were made, " holding under cover [color] of title adversely to the claims of the plaintiff in good faith," and are not entitled to set off the value of such improvements against the damages claimed under section two hundred and fifty-seven of the Practice Act.

Admitting, for the purposes of this decision, that a tenant in common who has been ousted by his co-tenant, cannot recover the increased amount of the value of the rents and profits arising from valuable permanent improvements put upon the premises by such co-tenant, the defendants in this action are

not in a position to avail themselves of the principle, for the reason that the improvements were not made by them in the character of co-tenants. They were made by them while naked trespassers, and thus the improvements became a part of the land, and the property of those who held the title. The fact that the defendants subsequently purchased in and became co-tenants of the plaintiff does not in any respect change their relation to the title of that portion of the land held by the plaintiff. There was no error in allowing the value of the land in its improved state.

It is claimed by a portion of the defendants, that the Court erred in allowing so much of the rents and profits as accrued prior to December 22d, 1859—more than three years prior to the commencement of this suit—on the ground that such portion of the claim is barred by the Statute of Limitations. The statute was set up, and the defendants rely upon section seventeen, clause two, which limits a recovery in "an action for trespass upon real property" to three years. No authority has been called to our attention upon the construction to be given to this provision by either party. Regarding section seven as applying to rents, there does not appear to us to be any conflict between its provisions and those of section seventeen. By section seven a party must have been seized, or possessed within five years, to enable him to maintain an action at all for mesne profits accrued even within three years.

*Statute of Limitations as to rents and profits in ejectment.*

The various Statutes of Limitations of the several States, and the English statute, contain provisions substantially the same as those in sections seven and seventeen of ours, except that, in most of them, the period for commencing an action for "trespass upon real property" is six, instead of three, years. (See *Richardson* v. *Williamson*, 24 Cal. 301.-4.) Adams says—doubtless having reference to these provisions: "If the plaintiff declare against the defendant for having taken the mesne profits for a longer period than six years before the action brought, the defendant may plead the Statute of Limi-

tations, namely, not guilty within six years before the commencement of the suit, and thereby protect himself from all but six years." (Ad. on Eject., by Waterman, 452.) And Buller, in relation to the same matter, says: "Certainly the defendant may plead the Statute of Limitations, and by that means protect himself from all but the six last years." (Buller's Nisi Prius, 88.) These are the only authorities upon the subject which have fallen under our notice. Accepting them as correct, it follows that, as to those defendants, who ousted the plaintiff on the 2d of September, 1858, the Court erred in allowing the rents and profits which accrued prior to November 22d, 1859. The findings of the Court furnish the elements necessary to enable us to direct a proper modification of the judgment.

As to the defendants Perkins and Johnson, the judgment and order denying new trial are affirmed.

As to the defendants Jones, Mitchell, Ford, Cohen and Englemeyer, the judgment must be so modified that the plaintiff shall only recover against them respectively the sum of two dollars per acre per annum upon the number of acres found by the Court to have been occupied by them respectively, from the 19th day of December, 1862, the date of the ouster, to the date of the order for judgment, September 26th, 1864.

And as to all the other defendants, the judgment must be so modified that the plaintiff shall only recover against them respectively the rents and profits at the monthly value of the. premises occupied by them respectively, as found by the Court, from December 22d, 1859, to the date of the order for judgment, September 26th, 1864. And the District Court, upon the filing of the remittitur, is directed to modify the judgment accordingly.

And it is further ordered, that the respondent pay the costs of the appeal.