# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## JANUARY TERM, 1867.

## MARY LOVE *v.* HIRAM SHARTZER.

ESTOPPEL AS TO MEXICAN GRANT.—The grantee of land from the Mexican Government is not estopped from recovering possession of the same according to the boundaries finally surveyed by the United States, from the fact that such grantee, before such survey, told the occupant that the land in controversy was public land, and not within the limits of his grant, and that the occupant, after being thus told, put valuable improvements on the land.

OUSTER OF GRANTEE.— One who, without the permission of the grantee, takes possession of land within the boundaries of a Mexican grant, whether perfect or inchoate, before the final survey is made by the United States, is guilty of an ouster, although when he entered into possession he was informed by the grantee that the possession so taken was not within the limits of the grant.

SET-OFF OF IMPROVEMENTS AGAINST DAMAGES.—A defendant in ejectment, who has made permanent improvements on the land in controversy, is not entitled to set off the value of those improvements against the damages claimed by the plaintiff, unless the improvements have been made by him or those under whom he claims, while holding possession under color of title adversely to the claims of plaintiff, and in good faith.

DAMAGES IN EJECTMENT.—In an action to recover possession of land and damages for its detention, if the Statute of Limitations of three years is pleaded as to the damages, the plaintiff can recover damages for only three years before the commencement of the action.

RENTS AND PROFITS IN EJECTMENT.—The plaintiff in ejectment, if he recover, is

entitled to damages measured by the value of the rents and profits up to the time the judgment is rendered.

JUDGMENT OF SUPREME COURT.—If the judgment is erroneous, and the findings of fact are such as to enable the Supreme Court to determine what kind of a judgment should have been rendered, it will direct the Court below to render the proper judgment.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The facts are stated in the opinion of the Court.

*L. Archer*, for Appellant. Plaintiff should not have recovered rents and profits for a longer time than three years. (*Carpentier* v. *Mitchell*, 29 Cal. 330.) Plaintiff should not have recovered the mesne profits, under the evidence in this case, for any time before the final approval of the survey. The evidence adduced did not entitle plaintiff to recover the land at any time until the survey was finally approved. The doctrine of *relation* does not apply. (*Case* v. *Degoes*, 3 Caine's Rep. 261 ; *Griswold* v. *Bard*, 4 Johnson, 230 ; *Clark* v. *Boyreau*, 14 Cal. 637 ; 1 Chitty's Plead. 191, also 195, notes 1, p. 2, and cases there cited ; 1 Saunders' Rep. 319, *b*, *c*, *d*, *e ;* 1 Pickering, 87 ; *Wilder* v. *Houghton*, 2 Pickering, 473 ; *Emerson* v. *Thompson*.) The Court erred in excluding the evidence offered by defendant in relation to the situation and condition of the premises sued for, the improvements made thereon by him, and the nonclaim thereof by plaintiff until after the final approval of the survey. (1 Sedgwick on Damages, 126 ; 1 C. J. Marshall, 404 ; *Pugh's Heirs* v. *Bills' Heirs*, 4 Littell, 374 ; *Ewing's Heirs* v. *Handley's Executors*, 2 John's Cases, 441 ; and *Murray* v. *Governeur*, 2 Carter, Ind., 599.)

*Moore & Laine*, for Respondent. The statute of 1863 allows a plaintiff to recover rents and profits for a period of five years. (Statutes 1863, p. 327.) *Carpentier* v. *Mitchell*, 29 Cal., is based on a prior statute which was repealed by the Act of 1863. A plaintiff's right to recover the mesne profits begins the instant his title accrues, (14 Cal. 637 ;)

hence we were entitled to these profits the moment our grant was made by the former Mexican Government, and not from the final approval of the survey, as contended by counsel. We claimed that the Mexican Government had granted us this land before the United States acquired the territory, and under the treaty of Guadalupe we were entitled to it. This was disputed by the United States, but her Courts and tribunals settled the question in our favor and pointed out for us our land. The Government did not make for us a title, (the Mexican Government had already done that,) but it declared that we already had one, and segregated the land it covered for us. Is there any room for this doctrine of relation to figure here ? The respondent shows, nor offers to show, that he was a *bona fide* holder of our land under color of title; hence he had no right to offset his improvements. He only claimed that he had settled on another's land, viz : that of the United States; hence he does not come within the rules in that behalf. (Sedgwick on Damages, 126 ; 8 Wheaton, 1 ; 18 Cal. 694.)


By the Court, CURREY, C. J. :

This is an action of ejectment for two distinct parcels of land, parts of a larger tract which the plaintiff derived by grant from the Mexican Government, and which was confirmed and set apart to her by the Government of the United States within five years before this action was commenced. One of these parcels of land consisted of about sixty-five acres and the other of about thirty-five acres. The action was not only to recover the possession of the demanded premises, but also to recover damages in a large sum measured by the value of the rents and profits thereof for the withholding of the same from the plaintiff.

In addition to a traverse of the material allegations of the complaint, the defendant interposed by answer the Statute of Limitations to the demand for damages; and also set forth

62

that he and one Coburn, from whom he derived one of the parcels of the demanded premises, had placed upon the property permanent improvements of great value while holding the same in possession, and asked the Court to allow such improvements to be set off against the damages to which the plaintiff might be entitled.

Upon the trial the plaintiff established her title to the lands in controversy, which had its inception in a grant made in the year 1845 by Pio Pico, then Governor of California, and its completion in the confirmation of the grant and in the segregation and location of the land granted, by an official survey on the part of the Government of the United States, which survey was approved in December, 1864, by a decree of the District Court of the United States for the Northern District of California, and which decree was affirmed on appeal, by the Circuit Court of the Tenth Circuit of the United States, in May, 1865. The plaintiff proved that the defendant had occupied the larger of the parcels of land since the year 1850, and the smaller of said parcels of land since April, 1861, and that the rental value of said parcels of land during the terms of such occupancy was two dollars an acre per year, and that the demanded premises were within the exterior lines of said survey.

The defendant offered to prove that in 1850 the lands in controversy were open and unoccupied, at which time he laid off a tract of one hundred and sixty acres, of which the larger parcel is a part, and distinctly marked the boundaries, so that they could readily be traced, and soon thereafter placed improvements thereon partaking of the realty of greater value than three hundred dollars; and still afterward, within a short time, had the one hundred and sixty acres inclosed with a substantial fence, and in all things conformed to the requirements of the possessory law of the State, passed in 1850, (Laws 1850, p. 203.) Also, that he was then a citizen of the United States, and in said year built a dwelling house upon said one hundred and sixty acres, and settled thereon with his family, and had from thence to the time of the trial occupied,

cultivated and improved such tract of land, and did all the
acts necessary to acquire a pre-emption right thereto, and did
acquire a pre-emption right to the same under the laws of the
United States, unless such right was defeated by said survey
and location embracing the portion of said one hundred and
sixty acres in controversy; and that all and each of said seve-
ral acts were done to acquire a possessory right to said one
hundred and sixty acres under the laws of this State, and a
pre-emption right under the laws of the United States. That,
at the time of defendant's settlement, the plaintiff told him
the demanded premises was Government land; that she had a
Mexican grant, referring to the one made to her by Governor
Pico, that embraced other land, which she pointed out to
defendant; and from that time until the final approval of the
survey and location made on behalf of the United States, she
repeatedly told the defendant and many others that the land
in question did not belong to her, and that she would not
have it, and that her land was located elsewhere; also, that
she objected to said survey, and resisted before the United
States District Court the location which was made until the
final approval of the survey, after which she acquiesced
therein; also, that while so occupying said one hundred and
sixty acres, he placed upon the larger of the parcels of the
land described the improvements mentioned, which at the
time of the trial were of the value of fifteen hundred dollars.
The plaintiff objected to the evidence offered, and it was
excluded as incompetent and irrelevant, to which ruling the
defendant excepted. A like offer was made in respect to the
smaller parcel of land, which was disposed of in the same
manner.

The cause being tried without a jury the Court found that
the two parcels of land in controversy were a part of the tract
of land surveyed and located by the United States as above
stated, and that the plaintiff on the 1st day of May, 1854, was
the owner in fee and entitled to the possession thereof, on
which day the defendant entered thereon and ousted her of
the possession of the larger of said two parcels of land; and

that said defendant entered into and ousted the plaintiff of the smaller of said two parcels of land on the 1st of May, 1861, and that since said several entries and ousters the defendant had withheld the said parcels of land from the plaintiff; and that the rental value of the land so withheld was, during such time, two dollars an acre per year.

The Court thereupon decided that the plaintiff was entitled to judgment for the recovery of the premises demanded, and a judgment for damages in the sum of nine hundred and ninety-five dollars—the same being the amount of the rental value thereof for five years preceding the 1st of May, 1866, and a judgment was entered in accordance with such decision. The defendant moved for a new trial, which motion was denied. The grounds on which the Court was asked to set aside the judgment and to grant a new trial may be stated as follows:

First—That the evidence excluded should have been admitted.

Second—That the Court erred in deciding that plaintiff was the owner and entitled to the demanded premises at any time before the 1st of May, 1865, the date of the final approval of the survey, and that defendant entered therein unlawfully and ousted the plaintiff, and unlawfully withheld the same from plaintiff until after the event of the final approval of said survey.

Third—That the Court erred in estimating the damage by the annual rental value of the premises for five years before the action was brought, instead of three years, and in giving judgment therefor.

I. In examining the questions raised by the defendant, the first and second grounds on which a new trial was sought may be considered together.

The plaintiff alleged in her complaint that on the 1st day of May, 1854, she was the owner and entitled to the possession of a certain tract of land embracing the demanded premises, of which she was afterward ousted by the defendant. These material averments the defendant fully and sufficiently traversed by answer. The Court, after having heard the tes-

timony, determined the issues joined in favor of the plaintiff. There is nothing in the record from which it can be ascertained that the evidence did not sustain the finding and the decision of the Court to the effect that plaintiff was on the day alleged the owner and entitled to the possession of the premises in controversy, and that afterwards, at the times stated, the defendant entered and ousted her thereof.

If the evidence laid before the Board of Land Commissioners appointed under the Act of Congress entitled "An Act to ascertain and settle the private land claims in the State of California," passed March 3d, 1851, in support of her claim to the land indicated in her petition before said Board, together with what was done subsequently on the part of the Government respecting her claim, be taken and considered as all the evidence in the case bearing upon the question of her right to the possession of the premises at the time of the alleged entry of the defendant and ouster by him of the plaintiff, we are of the opinion the plaintiff's allegation of title and right to the possession of the demanded premises is well sustained.   On the 10th of July, 1855, the Board of Land Commissioners decided the plaintiff's claim to be valid, and decreed that it be confirmed.   There was an appeal from this decree to the District Court, which was vacated in April, 1857, by which said decree became final.   The land was afterwards surveyed by the Government, by which it was ascertained that the premises now in controversy were parcels of the larger tract so confirmed.   The record evidence produced on the trial does not show whether the grant made by Governor Pico to the plaintiff and the proceedings subsequently had in respect thereto vested her with a perfect title to the land described therein, or whether her title to the land mentioned was incomplete and consequently imperfect at the time California was acquired by the Government of the United States.   So far as the defendant was concerned, we do not deem it of any particular importance whether the title of the plaintiff was of the one kind or the other.   The cases of *Ferris* v. *Coover*, 10 Cal. 621 ; *Cornwall* v. *Culver*, 16 Cal. 629 ; *Mahoney* v. *Van Win-*

*kle,* 21 Cal. 577 ; and *Thornton* v. *Mahoney,* 24 Cal. 579, 580 ; are decisive of the question. If the grant made by Governor Pico failed to become perfect for want of an official segregation of the quantity granted, or for any other cause, the grantee notwithstanding this had at the time of the defendant's entry such an interest in the particular lands in controversy as conferred upon her the right to the possession, as against him or others, standing in no better relation than he to the true title. She had not the power to make the measurement and segregation of the quantity granted so as to bind the Government, and though she may have declared she would not consent to including within the grant to her the lands in controversy ; still, upon the theory that the grant was imperfect, she was bound to take what the Government chose to give her in satisfaction of her claim. It is not pretended that the particular parcels of land in controversy are not fairly within the area mentioned in the grant made by Governor Pico ; but it is averred that the plaintiff did not at the time of the defendant's entry claim that they were, but on the contrary declared that they were not, and evidently so believing, resisted the survey and location, which was made on behalf of the Government ; and because of her declarations made to the defendant and others at various times respecting the lands in question, and of her opposition to and resistance of the survey and location of the land granted to her by the Mexican Government and confirmed to her by the Government of the United States, the defendant insists that she should be barred from recovering damages for withholding it from the plaintiff, or in other words from recovering for the use and occupation of the lands at any time prior to the confirmation of the survey in May, 1865. If this position could be maintained, its foundation must be in the doctrines of equitable estoppel *in pais.* It will be seen, however, by reference to the cases of *Biddle Boggs* v. *Merced Mining Company,* 14 Cal. 367 ; and *Davis* v. *Davis,* 26 Cal. 38 ; that neither the allegations of the defendant's answer nor the proofs which he offered to make on the trial, bring the plaintiff's

conduct or declarations within the rules essential to the existence of an estoppel *in pais.* We therefore hold that the plaintiff was entitled to the possession, use and enjoyment of the demanded premises at the time of the defendant's entries into the possession, and from thence until the commencement of this action and until the trial of this cause. (*Bay* v. *Pope,* 18 Cal. 694.)

One object which the defendant had in offering to prove the value of the improvements placed on the land seems to have been to establish a proper case for setting off the value of the improvements against such damages as the plaintiff might be entitled to upon the law and the evidence. The two hundred and fifty-seventh section of the Practice Act provides that " when damages are claimed for withholding the property recovered upon which permanent improvements have been made by a defendant or those under whom he claims, holding under color of title adversely to the claims of the plaintiff, in good faith, the value of such improvements shall be allowed as a set-off against such damages." It will be observed that the value of such improvements can be allowed as a set-off only upon condition that they were placed upon the land by the defendant or those under whom he claims, while holding under color of title adversely to the claims of the plaintiff, all of which must appear to have been in good faith. Then the only questions to be resolved are, did the defendant hold the premises in controversy under color of title, in good faith? and were the improvements made while the defendant was so holding? There is no averment in the defendant's answer of any facts which, if true, would constitute color of title. It is not alleged that his entry into the larger of the parcels of land or his occupation of it was under or by virtue of any title whatever; nor is it alleged that Coburn, from whom the defendant averred he obtained by deed of conveyance the smaller of the said parcels of land and by whom the improvements thereon were placed before he conveyed to the defendant, made entry thereon or made such improvements under color of title. It is not claimed that the defendant placed any

improvements of a permanent character on the smaller of the parcels of land sued for, after he purchased of Coburn in May, 1861. It is thus seen that the conditions essential to the defendant's right to set off the value of improvements against damages due the plaintiff, are wanting. We therefore hold that the evidence offered by the defendant was properly excluded. (*Moss* v. *Shear*, 25 Cal. 44.)

II. The damages for which judgment was given were measured by the annual value of the demanded premises for five years before the action was commenced. The defendant insists that in case the plaintiff was entitled to recover damages at all for withholding the premises from her, such damages, if measured by the annual rental value of the property, must necessarily, under the Statute of Limitations pleaded, be limited to such rental value for three years next before the action was commenced. The sixty-fourth section of the Practice Act authorizes a plaintiff to unite in the same complaint a cause of action for the possession of real property and for damages for the withholding thereof. The learned Judge of the Court below evidently regarded the damage which the plaintiff sustained by reason of the defendant's entry and continual ouster as an incident of her right, and that she was entitled to damage for at least five years wrongful withholding of the premises from her, under the provisions of the seventh section of the Statute of Limitations, as amended in 1863. (Laws 1863, p. 325.) A question like unto the one here presented was passed upon in *Carpentier* v. *Mitchell*, 29 Cal. 335. In that case the defendant pleaded the Statute of Limitations to the demand for damages, measured by the value of rents and profits as to the portion thereof which accrued more than three years before the action was commenced, and this Court held that damages which accrued more than three years before the action was brought were barred by the seventeenth section of the statute. The case here cited is decisive of the one at bar.

The findings of the Court furnish the material necessary to an ascertainment of what the judgment should have been.

The action was commenced on the 11th of December, 1865. The findings of the Court and order for judgment were rendered on the 30th of July, 1866. The plaintiff was entitled to judgment for damages measured by the annual rental value of the premises in controversy from the 11th of December, 1862, to the time of the rendering of the judgment, amounting to the sum of seven hundred and twenty dollars and sixty-five cents.

It is therefore ordered and adjudged that the judgment of the District Court be so changed and modified as to reduce the recovery of damages from the sum of nine hundred and ninety-five dollars to the sum of seven hundred and twenty dollars and sixty-five cents, and that the judgment for said last mentioned sum bear interest thereon at the legal rate from the day the judgment was entered in the District Court; and it is further ordered and adjudged that in all other things the said judgment of the District Court be affirmed; and it is further ordered and adjudged that the appellant recover as against the respondent the costs of this appeal.