# SUPREME COURT

AT THE

AUGUST TERM, 1878.

Present:

Hon. DECIUS S. WADE, CHIEF JUSTICE.
Hon. HIRAM KNOWLES, } JUSTICES.
Hon. HENRY N. BLAKE, }

## TOOMBS, respondent, v. HORNBUCKLE, appellant.

ACTION FOR DIVERSION OF WATER — *effect of Statute of Limitations and undertakings on appeals.* T. commenced this action July 16, 1875, to recover damages for the wrongful diversion of water by H. from April 21, 1870, until 1875. A judgment that T. was entitled to the use of the water had been entered April 21, 1870, in the court below, and H. appealed to this court and executed an undertaking to stay the execution of the judgment. This court affirmed the judgment and H. appealed to the supreme court of the United States, and executed another undertaking to stay the execution of this judgment. The judgment was reaffirmed and a remittitur was issued from this court to the court below, January 8, 1875. *Held,* that every continuance of the wrongful diversion of the water by H. was a new cause of action. *Held, also,* that, under the statute concerning limitations, T. could commence this action within three years after a cause of action accrued. *Held, also,* that

the undertakings on the appeals affected the subject of the original case, but did not restrict the right of T. to bring an action for the wrongful diversion of the water during the pendency of the appeals. *Held, also,* that T. cannot recover any damages on account of the water which was diverted by H. more than three years before July 16, 1875.

*Appeal from Third District, Meagher County.*

THIs action was tried before WADE, C. J., who refused the motion for a new trial.

CHUMASERO & CHADWICK, and SHOBER & LOWRY, for appellants.

The limitation of an action of trespass or waste in this Territory is two years. Cod. Sts. 516, § 8. The damages accruing during each year was a separate and distinct cause of action, and, after the expiration of each two years, a cause of action accruing during the preceding year was barred. Angell on Lim., § 300 ; Sedg. on Dam. 159; *Hart's Appeal,* 32 Conn. 520 ; *Baldwin* v. *Calkins,* 10 Wend. 167.

The appeal bonds given by 'appellants to enable them to test 'their right to the use of the water in controversy did not defeat or even suspend the right of respondent to use it. They did not prevent respondent from commencing an action against appellants whenever his right to the water was interfered with.

WOOLFOLK & PORTER, and E. W. TOOLE, for respondent.

Respondent could not sue for damages while the appeals of appellants were pending. The appellants suspended the operation of the decree giving respondent the water in dispute by their appeals and bonds staying proceedings ; and respondent could neither sue for the possession of the water, or damages for its diversion, until such appeals had been determined. Respondent was not entitled to the possession of the water pending such appeals, and his right of action for damages depended on the right to the possession. Civ. Pr. Act, § 386.

The water belonged to appellants after the execution of the appeal bonds.

BLAKE, J.   The respondent commenced this action July 16, 1875, to recover damages for the wrongful diversion of water by the appellants in the years 1870, 1871, 1872, 1873 and 1874. Evidence relating to the acts of the parties during these years was offered and submitted to the jury, and judgment was entered on the verdict for the respondent for $3,000.   A decree was entered in the district court April 21, 1870, for the respondent for the water in dispute.  The appellants appealed therefrom to this court July 28, 1870, and executed the statutory undertaking to stay the execution of the judgment.   The decree was affirmed by this court January 16, 1871, and the appellants appealed to the supreme court of the United States and executed another undertaking to stay the execution of the judgment.   The decree was reaffirmed and the remittitur on the judgment was issued from this court to the court below January 8, 1875.   The case is reported in 1 Mon. 286, and 18 Wall. 648.   The complaint in this action alleges that the appellants have diverted said water since April 21, 1870.

We intend to consider only one question, the effect of the Statute of Limitations of the Territory upon the rights of the parties.  The appellants maintain that the respondent cannot sue for any damages which were caused by their acts more than two years before the commencement of this action.   The respondent contends that he could not institute this suit while the appeals were pending, and the proceedings upon the judgments were stayed by the undertakings or bonds.   The act concerning "Limitations" provides that an action for waste or trespass upon real property, and an action for relief not otherwise provided for, shall be commenced within three years after the cause of action shall have accrued. Cod. Sts. 516, § 8 ; 517, § 9.

There is no clause in this act which restricts the right of the respondent to bring an action to redress the wrongs complained of during the pendency of the appeals in the original case.   The appeals and undertakings affect the subject of that action, but cannot extend beyond it.   When the appeal to this court was perfected, " all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced

therein," were stayed. Civ. Pr. Act, § 386. The same results followed the appeal to the supreme court of the United States. The sections that have been cited must receive a general construction, and courts cannot create any exceptions where the law-making power has made none. *M'Iver* v. *Ragan*, 2 Wheat. 25 ; *Demarest* v. *Wyncoop*, 3 Johns. Ch. 146 ; *Tynan* v. *Walker*, 35 Cal. 634, and cases there cited. The case at bar must be governed by the sections of the Statute of Limitations, *supra.*

It was formerly held that an injunction staying the commencement of an action did not suspend the running of the Statute of Limitations, or relieve a party from its operation. *Barker* v. *Millard*, 16 Wend. 572. The court says : " No case was cited, nor have I met with any, where it was held that an injunction out of chancery would suspend the running of the statute." This wrong was remedied by the enactment of a law similar to that in force in this Territory, which is as follows : " When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action." Cod. Sts. 518, § 16 ; *Wilkinson* v. *First N. F. I. Co.*, 72 N. Y. 499. The statute provides further that " no person shall avail himself of a disability unless it existed at the time his right of action accrued." Cod. Sts. 518, § 17. There is no order of court, or provision of law, which prohibits the respondent from bringing an action to recover the damages for the wrongful diversion of the water at the times when his right so to do accrued. If there had been such an order, or statutory prohibition, the time during which the disability existed would not prevent the running of the Statute of Limitations, unless the legislative assembly excepted the same in express terms.

The law considers that the continuance of the wrongful diversion of the water by the appellants is a new cause of action, or a new nuisance. *Staple* v. *Spring*, 10 Mass. 72 ; *Baldwin* v. *Calkins*, 10 Wend. 167 ; Angell on Lim. (5th ed.), § 300. Successive actions may be brought so long as the appellants continue to divert the water. *Bare* v. *Hoffman*, 79 Penn. St. 71. In *Carpentier* v. *Mitchell*, 29 Cal. 330, it appeared that the plaintiff was

entitled to the rents and profits of a tract of land, which had been the subject of controversy a number of years, and recovered a judgment for the same ; but the supreme court disallowed the amount which was found due beyond the time limited for the commencement of the action.    We are satisfied that the respondent cannot recover any other damages than those which were caused by the acts of the appellants within three years before the bringing of this action.    The jury included in the assessment of damages the sum that was payable to the respondent for the diversion of the water in the years 1870, 1871 and 1872.    We have no means of ascertaining this amount and cannot modify the judgment.    The court erred in entering the judgment on the verdict and refusing to grant the motion for a new trial.

*Judgment reversed.*