[S. F. No. 92.   Department One.—March 21, 1896.]

JOSEPH TROMANS, Respondent, v. HENRY MAHL-
MAN et al., Appellants.

Homestead—Residence at Time of Declaration—Question of Fact.—
Actual residence upon premises claimed as a homestead, at the time
of filing the declaration of homestead, is essential in order to impress
the premises with the attributes of a homestead; and such actual resi-
dence is a question of fact to be determined by the court from the evi-
dence before it.

Id.—Elements of Residence—Evidence of Intention—Conflict.—The
physical fact of occupancy of the premises claimed as a homestead, and
the intention with which they were occupied, are both elements to be
considered in determining the question of actual residence; and the
court is not bound to accept as conclusive the testimony of the declar-
ant upon the question of intention to reside upon the premises, if other
facts testified to are inconsistent with such intention; and in case of such
inconsistency, there is a conflict of evidence on which the decision of
the trial court is final.

Appeal from an order of the Superior Court of Ala-
meda County. W. E. Greene, Judge.

The facts are stated in the opinion of the court and
in the opinion rendered upon the former appeal, reported
in 92 Cal. 1.

*R. Percy Wright*, for Appellants.

*Metcalf & Metcalf*, for Respondent.

Harrison, J.—The facts in this case are set forth in
the opinion given upon a former appeal. (*Tromans v.
Mahlman*, 92 Cal. 1.) It was then held that the evidence
was insufficient to show an actual residence upon the
premises at the time of filing the declaration of home-
stead, and, consequently, that the premises were not
impressed with the attributes of a homestead; and the
case was remanded for a new trial. Upon that trial,
from which the present appeal is taken, the evidence
before the court was substantially the same as upon the
former trial, and the decision of the court thereon in
favor of the plaintiff was by necessary implication a

decision that the evidence did not show such actual residence on the premises; and, under the decision of this court upon the former appeal, the superior court was fully justified in making this finding.

The only respect in which it is claimed by the appellants that the evidence herein differed from that at the former trial to such an extent as to authorize a different conclusion is that Mrs. Mahlman testified that at the time she went to the premises on the 21st of August, 1883, it was her intention to remain there and occupy the house continuously, but that by reason of supervening circumstances she was compelled to return to San Francisco the next day after the declaration of homestead was filed. Whether she did in fact actually reside on the premises at the time the declaration was filed was a question of fact to be determined by the court from the evidence before it. The physical fact of her occupancy, as well as the intention with which she occupied the house, were both elements to be considered in determining actual residence, and the court was not bound to accept her statement that she intended to reside thereon as conclusive, if other facts to which she testified were inconsistent with such intention. Whatever inconsistency there was between these facts and her statement of her intention presented merely a conflict of evidence, on which the decision of the trial court was final. Its decision upon this conflict of evidence that she did not reside there is conclusive upon this court.

The order is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.