[Sac. No. 3644.  In Bank.—February 18, 1926.]

## CATHERINE M. JOHNSTON Respondent, v. CLARA E. DeBOCK et al., Appellants.

[1] HOMESTEAD—RESIDENCE AT TIME OF DECLARATION—EVIDENCE—FINDINGS.—In this action in ejectment and for the value of the use and possession of certain real property which had been the property of defendant wife, and which plaintiff had purchased on execution sale to satisfy a judgment against defendants, the evidence was amply sufficient to justify the findings of the trial court to the effect that, although the homestead declaration made and filed on the property by defendant wife, for the joint benefit of herself and her husband (her codefendant), was sufficient in form and substance, neither at the time of the making and execution of said declaration of homestead nor at the time of filing thereof were the defendants, or either of them, residing upon or occupying the premises in question, or any part thereof, and that said property was not, nor was any part thereof, the homestead of the defendants or either of them.

[2] ID.—ACTUAL RESIDENCE—INTENT—EVIDENCE.—In such proceeding, in determining whether the defendants actually resided upon the premises at the time of the making and filing of the declaration of homestead, the court is not bound to accept as conclusive the testimony of the defendants to the effect that, because of the nature of the occupation of defendant husband (that of railroad conductor), he was required to be absent from the place where the premises in question were situated and that at the time of the making and filing of the declaration of homestead they considered said premises as their home and intended to return to that place in seasons of repose, where other facts before the court are inconsistent with such intention.

[3] ID.—RESIDENCE—CONFLICTING EVIDENCE—FINDING—APPEAL. — In such proceeding, where there is a substantial conflict in the evidence as to the residence of the defendants at the time of the making and filing of the declaration of homestead, and even assuming that there is sufficient evidence on which the trial court can make a contrary finding on that issue, the appellate court is not at liberty to disturb the finding made.

[4] EJECTMENT—DAMAGES FOR LOSS OF—POSSESSION—PLEADING—RENTAL VALUE—OCCUPANCY—JUDGMENT.—In an action in eject-

---

1.  See 13 Cal. Jur. 454; 13 R. C. L. 591.
3.  See 13 Cal. Jur. 564.
4.  See 9 Cal. Jur. 1028; 9 R. C. L. 942.

ment and for the value of the use and possession of certain real property which had been the property of defendant wife, but which plaintiff had purchased on execution sale to satisfy a judgment against defendants, where the answer, in addition to denying plaintiff's allegations of ownership and right of possession, affirmatively alleges that continuously since a certain date (many years prior to commencement of plaintiff's title) the defendant wife has been the owner in fee of said property and in possession of the same and that plaintiff has no right, title, or interest therein, plaintiff is entitled to recover the rental value of the premises during the time she was unlawfully deprived of the same, notwithstanding during a portion of that time the premises were occupied by the mother of said defendant wife, without the payment of rent, pursuant to an agreement entered into between said defendant and her mother at said prior date, at which time the latter conveyed the land to the former.

(1) 29 C. J., p. 821, n. 71.   (2) 29 C. J., p. 820, n. 56 New. (3) 4 C. J., p. 884, n. 37.   (4) 19 C. J., p. 1237, n. 28 New.

APPEAL from a judgment of the Superior Court of Sacramento County. Malcolm C. Glenn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry & Bedeau, Jay L. Henry and McLaughlin & McLaughlin for Appellants.

R. Platnauer for Respondent.

SHENK, J.—This is an action in ejectment and for the value of the use and possession of certain real property in the city of Sacramento. The plaintiff had judgment and the defendants appeal under the alternative method.

The appellants are husband and wife. The respondent was at one time the wife of Louis DeBock, a brother of the appellant August DeBock. In an action for damages for alienation of affections commenced and first tried in Placer County and tried the second time in the county of Sacramento, the respondent, on November 18, 1916, recovered a judgment against the appellants for five thousand dollars and costs. On appeal said judgment was affirmed (*DeBock v. DeBock*, 43 Cal. App. 283 [184 Pac. 890]). Execution was issued and on execution sale the respondent bid in said property and received a certificate of purchase. In due

time she obtained a sheriff's deed dated March 19, 1918, which was duly recorded. The proceedings on execution and sale were regular in all respects but it was claimed by the appellants that the sheriff's deed was insufficient to pass title, by reason of a homestead declaration made by appellant Clara E. DeBock, for the joint benefit of herself and her husband on the twentieth day of September, 1915, and filed for record on the following day. [1] The homestead declaration was sufficient in form and substance but the respondent insists that at the time the declaration was made and filed the appellants were not residing on the premises as required by the homestead law (sec. 1237, Civ. Code). The court found in favor of the respondent's contention and the main question presented on this appeal is whether the evidence is sufficient to support the finding. The appellant Clara E. DeBock acquired title to the lot in question by a deed from her mother dated April 8, 1909. Thereafter, with the assistance of her mother, improvements were constructed thereon consisting of a lower flat of five rooms, known as No. 2411 P Street and an upper flat of six rooms known as No. 2409 P Street, in the city of Sacramento. The construction of the building was commenced in 1909 and completed in 1910. It was occupied for a short period by the appellants and then rented to a Mr. Greenblatt. Thereafter the appellants claim to have occupied the upper flat from time to time and at all times to have considered the same their place of residence.

The appellant August DeBock was a railroad conductor, operating on a division between Roseville, California, and Sparks, Nevada. In 1913 and 1914 he and his wife rented and occupied a furnished cabin in Roseville. In July, 1914, they purchased a lot in Roseville on which they constructed a house. As soon as said house was completed, in 1915, they occupied and continued to occupy the same as their home until December, 1915, when they sold it to a Mr. Prouty. On August 3, 1911, the appellant August DeBock registered as a voter in Sacramento County and gave his residence as 2409 P Street. His next registration was on August 3, 1912, at which time he gave his residence as No. 2415 P Street, which was the home of his wife's mother and adjoined the premises in controversy. On March 11, 1914, he registered as a voter in Placer County and gave his resi-

dence as Roseville. This registration was canceled and he re-registered in Sacramento on December 16, 1915, nearly three months after the recording of the homestead declaration. In November, 1915, he was a witness in the superior court in Placer County on the first trial of the former action and he there testified that he then resided at Roseville and that he had been a resident of Roseville for three years.

On March 28, 1912, and on January 7, 1914, the defendant Clara E. DeBock registered as a voter in Sacramento and stated her residence as No. 2415 P Street. On November 16, 1911, she subscribed for a telephone and had the same installed and listed in her name at 2415 P Street and such listing remained up to the time of trial of this action. At no time since 1911 did the appellants or either of them register as residing at No. 2409 P Street. In the deed to the lot on which the appellants built their new home in Roseville appellant Clara E. DeBock was named as the grantee "of Roseville" and she personally filed the deed for record on November 2, 1914.

G. A. Eichelberger, a witness produced on behalf of respondent, testified that he occupied the lower flat with his family from March 15 until December 8, 1915; that from March 15 to some time in August, 1915, a family by the name of Strand occupied the upper flat exclusively, and that from the time the Strands moved out, in August, 1915, until December 8, 1915, the upper flat was wholly unoccupied. The testimony of this witness, together with the testimony of other witnesses produced on behalf of respondent, which need not be recited, and the admissions and declarations of the appellants, was sufficient evidence on which to base the finding of the court, as follows: "That neither on the 20th day of September, 1915, nor on the 21st day of September, 1915, nor at the time of the making or the execution or the filing of the declaration of homestead set out in and annexed to defendants' answer, were the defendants, or either of them, residing upon or occupying the premises described in plaintiff's complaint, or any part thereof; . . . that said real property is not, nor is any part thereof the homestead of the defendants or of either of them; and that at no time was said real property or any part thereof the homestead of the defendants or either of them."

[2] The appellants contend that because of the nature of the occupation of the appellant August DeBock he was required to be absent from Sacramento, and they testified that at the time of the filing and recordation of the declaration of homestead they considered No. 2409 P Street as their home and intended to return to that place in seasons of repose. But the court was not bound to accept their testimony as to their intentions as conclusive. Concerning such evidence of intention this court said in the case of *Tromans* v. *Mahlman,* 111 Cal. 646 [44 Pac. 327]: "Whether she [the appellant] did in fact actually reside on the premises at the time the declaration was filed was a question of fact to be determined by the court from the evidence before it. The physical fact of her occupancy, as well as the intention with which she occupied the house, were both elements to be considered in determining actual residence, and the court was not bound to accept her statement that she intended to reside thereon as conclusive, if other facts to which she testified were inconsistent with such intention. Whatever inconsistency there was between these facts and her statement of her intention presented merely a conflict of evidence, on which the decision of the trial court was final. Its decision upon this conflict of evidence that she did not reside there is conclusive upon this court." In the former appeal in that action (*Tromans* v. *Mahlman,* 92 Cal. 1 [27 Pac. 1094, 28 Pac. 579]), it was said: "It is settled law in this state that to constitute a valid homestead the claimant must *actually* reside on the premises when the declaration is filed (citing cases. . . . The obvious purpose of the statute in providing for the selection of a homestead was to thereby make a home for the family, which neither of the spouses could encumber or dispose of without the consent of the other, and which should at all times be protected against creditors. To effect its purpose, the statute has been liberally construed in some respects, but the requirement as to residence at the time the declaration is filed has been strictly construed." The foregoing statement of the law was approved in *Bullis* v. *Staniford,* 178 Cal. 40 [171 Pac. 1064]. (See, also, 13 Cal. Jur. 554, and cases cited.) [3] From a consideration of the record it must be concluded that there was a substantial conflict in the evidence as to the residence of the appellants at the time the declaration of homestead was

filed, and even if it be assumed that there was sufficient evidence on which the court could have made a contrary finding on that issue, we are not at liberty on the record before us to disturb the finding that was made (*Bancroft-Whitney Co.* v. *McHugh*, 166 Cal. 140 [134 Pac. 1157]; 2 Cal. Jur. 880, and cases cited).

[4] Under date of April 8, 1909, the appellant Clara E. DeBock entered into an agreement with her mother, Mary 'E. Welch, wherein and whereby, in consideration of the execution and delivery of the deed of the same date by the said Mary E. Welch and her husband to said Clara E. De-Bock conveying to the latter the property in question, it was provided that if at any time in the future the said Mary E. Welch should so desire she should have the right to occupy the lower flat with the proviso that the said Clara E. DeBock should have the benefit of all rentals from the whole of said building until all of the expenses of the erec-. tion of said building had been paid by her. The trial court awarded to the respondent, in addition to the right of possession, the value of the use and occupation of the entire property from the date of the issuance of the sheriff's deed on March 19, 1918. The appellants contend that the judgment herein must be reversed for the reason that the evidence shows that the foregoing agreement was still in force at the time of trial and that there was no authority on the part of the court to award to the respondent the value of the use and possession of the entire property during a period when Mary E. Welch was entitled to possession of the lower flat free of charge. The contention cannot be sustained. Section 427 of the Code of Civil Procedure provides: ''The plaintiff may unite several causes of action in the same complaint, when they all arise out of: . . . 2. Claims to recover specific real property, with or without damages for the withholding thereof, or for waste committed thereon, and the rents and profits of the same; . . . '' Under the permission of this section the respondent filed her complaint, wherein she alleged her title and right of possession under the sheriff's deed and damages on account of being deprived of the rents and profits. These allegations were denied by the answer, wherein the appellants also affirmatively alleged that continuously since the eighth day of April, 1909, the said Clara E. DeBock was the owner in fee of the said property and was in possession of the same

and that the respondent had no right, title, or interest therein. The court found the allegations of the complaint to be true and the allegations of the answer to be untrue. Assuming that the mother was in possession under the appellant Clara E. DeBock without the payment of rent during the period in controversy, or some part thereof, it was immaterial whether or to what extent said appellant was receiving rent, for when the respondent established her right of possession she was entitled to the rental value of the premises during the time she was unlawfully deprived of the same. (*Love* v. *Shartzer,* 31 Cal. 487; *Nathan* v. *Dierssen,* 164 Cal. 607 [130 Pac. 12]; *Italian American Bank* v. *Canepa,* 52 Cal. App. 619 [199 Pac. 55]; 9 Cal. Jur. 1020.)

The judgment is affirmed.

Seawell, J., Richards, J., Waste, C. J., Curtis, J., Lawlor, J., and Lennon, J., concurred.