[L. A. No. 9118. Department Two.—June 27, 1928.]

H. F. WAGNER, Respondent, v. HARRY F. ULRICH et al., Appellants.

W. T. McNeely and Walter Eden for Appellants.

C. L. Kilgore for Respondent.

SHENK, J.—The action in which this appeal is prosecuted was instituted for the purpose of quieting title in the plaintiff to the real property described in the complaint.

The plaintiff purchased the property at a constable's sale held in December, 1922, pursuant to execution issued in January, 1922, to satisfy a judgment theretofore and in December, 1921, rendered against the defendant Harry F. Ulrich. The action in which said judgment was rendered was commenced in the justice's court of Los Angeles township on November 5, 1921. On November 25, 1921, the defendants Ulrich filed a declaration of homestead on said

real property. The evidence disclosed that at the time of the declaration there were two houses on the land described therein, one occupied by the defendants Ulrich as a dwelling and the other leased by them to one Courter. The total value of all the real property described in the declaration was not over $5,000. The trial court found that the portion of said property leased to the tenant was not subject to the declaration of homestead and gave judgment quieting title in the plaintiff to that portion only. Judgment was entered for the defendant Harry F. Ulrich as to that portion of the property occupied by the defendants Ulrich as a dwelling at the time of the declaration.

Appellants contend that the action to quiet title was not the proper remedy but that the exclusive remedy is prescribed by sections 1237 to 1261 of the Civil Code. It is not questioned that the declaration of homestead was valid to the extent of the dwelling found to have been occupied by the Ulrichs at the time of the declaration, together with the portion of the land used in connection therewith, and we think the sufficiency of the declaration may be tested as to the portion of the lot not so used in a quiet-title proceeding. The sections of the Civil Code relied upon are applicable to cases where land alleged to be of a value in excess of the statutory amount has been attempted to be impressed with a homestead and it is sought to subject the excess to a levy of execution. But said sections of the code would seem to have no application to cases such as the present one where a portion of land, the whole of which is valued within the statutory limitation, is claimed to have been improperly included in a declaration of homestead and is therefore exempt from execution. The distinction between these two classes of cases indicates the reason why our courts have in numerous instances entertained causes and proceedings apart from those prescribed in the code sections to determine what portion of the land described in the declaration of homestead is needed for the convenient use of the declarant and what portion thereof is excess land. (See *Gregg* v. *Bostwick,* 33 Cal. 220 [91 Am. Dec. 637]; *Mann* v. *Rogers,* 35 Cal. 316; *Tiernan* v. *His Creditors,* 62 Cal. 286; *Laughlin* v. *Wright,* 63 Cal. 113; *Maloney* v. *Hefer,* 75 Cal. 422 [7 Am. St. Rep. 180, 17 Pac. 539]; *Tromans* v. *Mahlman,* 111 Cal. 646 [44 Pac. 327];

454

*In re Ligget,* 117 Cal. 352 [59 Am. St. Rep. 190, 49 Pac. 211]; *Guernsey* v. *Douglas,* 171 Cal. 329 [153 Pac. 227]; *Lorenz* v. *Hunt,* 91 Cal. App. 78 [266 Pac. 617]; 13 Cal. Jur., pp. 464, 465.)

█ Appellants also claim that the liens of a deed of trust and a mortgage in favor of defendants title company and bank were and are prior to the lien of the plaintiff. In other words, they contend that the evidence does not sustain the finding of the trial court that their liens were subsequent, because, it is insisted, the deed of trust and the mortgage were a continuation of previous liens which had attached prior to the creation of plaintiff's lien. On the state of the record we are concluded on this point by the finding of the trial court which we deem supported by the evidence. The last point raised is that the levy and subsequent sale were irregular because of certain erroneous recitals of dates in the return and in the certificate of sale. An examination of the record does not disclose any error or irregularity sufficient to invalidate the proceedings.

The judgment is affirmed.

Richards, J., and Tyler, J., *pro tem.,* concurred.