[Civ. No. 10213.   Second Appellate District, Division Two.—April 10, 1936.]

IDA M. MONTGOMERY, Appellant, v. WILLIAM E. BULLOCK et al., Respondents.

G. M. Grant and B. F. Tyler for Appellant.

W. K. Dial for Respondents.

WOOD, J.—Plaintiff filed this action to quiet title to a parcel of real estate.   She appeals from a judgment of nonsuit.   In a former action plaintiff obtained judgment against defendant William E. Bullock, April 26, 1932, and purchased the realty in dispute at sheriff's sale held pursuant to a writ of execution issued in that action.   Before the judgment of April 26, 1932, defendant William E. Bullock deeded the property to his wife, defendant Orpah Bullock, who filed a declaration of homestead thereon and conveyed it to defendant Grace A. James.   Plaintiff alleges that these transactions were fraudulent.

The property in litigation consists of a city lot 147 feet by 61 feet upon which have been erected the dwelling house, including a built-in garage, in which the defendants Bullock resided up to the time of trial, and three separate dwelling houses and two double garages, all of which were rented to

tenants by the Bullocks. Plaintiff ocntends that the three rented houses and two double garages together with the land on which they are located were not properly included in the declaration of homestead. The complaint contains no allegation as to the value of the property.

Although the bill of exceptions is incomplete it is sufficiently comprehensive to enable us to pass upon the issue involved. When the plaintiff presented her evidence and rested, counsel for defendants made a motion for a nonsuit as follows: ''I make a motion for nonsuit on the grounds that the complaint failed to state the cause of action in the fact that it failed to allege that the property was worth more than $5000.00, the allegation being that it is business property, and the further grounds that the sale made by the. sheriff is void because the plaintiff did not comply with 1245 of the Civil Code.'' The court granted the motion. The bill of exceptions settled by the trial judge contains this statement: ''Plaintiff took the position that the house designated as 1772 Cotner Avenue, and in which William E. Bullock and Orpah Bullock lived when the declaration of homestead was filed, and the land on which this house was situated, was impressed with a homestead. That all of the other buildings and the land on which they were situated was not impressed with a homestead though included in the declaration of homestead, on the ground that they were rented to and used by tenants and not used as a home by the Bullocks when the declaration of homestead was recorded, and therefore subject to execution and sale in an action other than is prescribed by sections 1237 to 1261 of the Civil Code. The court decided that upon the aforesaid facts it was necessary for the plaintiff to comply with the provisions of section 1245 of the Civil Code, and in view of the fact that plaintiff had not complied with the provisions of said section, a nonsuit was granted.''

██ The court erred in granting the motion for nonsuit. The precise question involved has been determined adversely to the contention of defendants in the case of *Wagner* v. *Ulrich*, 204 Cal. 452 [268 Pac. 629], wherein the court, having before it a case with facts very similar to those of the case before us, held that plaintiff may in a quiet title action ask the court to determine what portion of the land described in a declaration of homestead is needed for the convenient

use of the claimant and what portion thereof is excess land. It was not necessary for plaintiff to follow the proceedings set forth in sections 1245 to 1269 of the Civil Code.

The judgment is reversed.

Crail, P. J., and Gould, J., *pro tem.*, concurred.