[No. 13712.   Department One. — February 6, 1892.]

HATTIE E. WETHERLY, RESPONDENT, v. JACOB STRAUS, APPELLANT.

FRAUD — PRESUMPTION — PLEADING. — Fraud is never presumed, and whenever it constitutes an element of a cause of action or of a defense which is of an affirmative nature, and invoked as conferring a right against the opposite party, it must be alleged.

ID. — FRAUDULENT TRANSFER — INTENT TO DEFRAUD CREDITORS — QUESTION OF FACT. — The intent to defraud creditors is a question of fact, and not of law, and it is necessary for one who would avail himself of this fact to set aside a completed transfer of property by a debtor, to aver it in his pleading as one of the elements of his cause of action or defense.

ID. — HUSBAND AND WIFE — TRANSFER OF MONEY — CERTIFICATE OF DEPOSIT — PLEADING — FRAUD UPON CREDITORS — AGENCY — TRUST. — In an action by a wife for damages sustained by the failure of the defendant to return, upon demand, a certificate of deposit issued to her order and left with the defendant for safe-keeping, the defendant, who has not specially pleaded, in his answer, as a defense, that the money represented by the certificate of deposit had been transferred to the wife by her husband with intent to defraud his creditors, and that the certificate, being for that reason fraudulent and void, was rightfully attached at the instance of the husband's creditors, cannot prove such defense under an averment that the money represented by the certificate belonged to the husband, and that the wife deposited the certificate with the defendant as the agent and trustee of her husband.

Id. — PROCEEDS OF SALE OF HOMESTEAD — VOLUNTARY TRANSFER TO WIFE. — The voluntary transfer by a husband to his wife of the proceeds derived from the sale of a homestead is not *per se* fraudulent and void, as a transfer made with intent to defraud creditors of the husband.

BAILMENT — DEPOSIT — DUTY OF BAILEE. — A bailee who receives property as a mere depositary for safe-keeping is bound to deliver it to the bailor upon demand, unless he has a lien upon it, or is prevented from doing so by the real owner or by the act of the law, and has given the notice required by sections 1822 and 1825 of the Civil Code.

Id. — JUS TERTII — BURDEN OF PROOF. — A bailee can assert a *jus tertii* in an action by the bailor only when he defends on such title, and by the authority of such third person. When the bailor has obtained the property by some fraud practiced upon the true owner, the bailee can, upon the authority of such true owner, or when he has been forbidden by him to make delivery of the property, defend upon such true owner's title; but he always assumes such defense at his peril, and takes upon himself the burden of showing the right to retain the property under such instructions.

Id. — DEPOSIT BY WIFE — TITLE OF HUSBAND — GARNISHMENT — DEFENSE — REBUTTAL — GIFT BY HUSBAND. — Where a bailee claims the right to retain a certificate of deposit, left with him by the bailor, upon the ground that the certificate was never the property of the bailor, but was held by her for her husband as his agent, and that a garnishment therefor against the husband has been served upon him, he must prove that the property belongs to the husband, in order to claim such right; and proof that the money represented by the certificate was given by the husband to the wife is sufficient to rebut the right of the bailee to retain the certificate.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Estee, Wilson & McCutchen,* for Appellant.

*J. T. Rogers,* for Respondent.

HARRISON, J. — The plaintiff deposited with the defendant, on the 3d of September, 1888, for safe-keeping, a certificate of deposit that had been issued to her own order. On the next day, an action was commenced by one Haviland, representing certain assigned claims (one of which was assigned by the defendant) against the firm of Bannister & Wetherly, and under a writ of attachment issued in said action a garnishment was served

upon the defendant against the certificate of deposit that had been left with him by the plaintiff. The defendant gave no notice to the plaintiff of these proceedings until after she had demanded the certificate on the 14th of September, when he told her that it had been attached, and that he could not give it to her. Thereupon she brought this action for damages sustained by his conduct. The defendant, in his answer, alleged that the money represented by the certificate was the property of the plaintiff's husband, defendant in the above suit, and that the deposit was made and the certificate issued to her only as the agent and trustee of her husband, and that after it had been deposited with him the garnishment above named had been served upon him, and that he had ever since the 4th of September held the certificate under and pursuant to said writ of attachment and garnishment.

At the trial, the plaintiff testified that the money represented by the certificate was a portion of the proceeds derived from the sale of the homestead of herself and her husband at Winnemucca, which she had negotiated and conveyed upon the consideration that she was to have the money for which it was sold with which to buy a less expensive home, and that after its sale her husband had given her the money, and that with it she had procured drafts upon San Francisco, for which the certificate of deposit was issued. The defendant offered evidence that the certificate had been attached as the property of the plaintiff's husband in the suit of Haviland against the firm of Bannister & Wetherly. The jury rendered a verdict in favor of the plaintiff, and from the judgment entered thereon, and an order denying a new trial, the defendant has appealed.

The claim on the part of the appellant, that the money represented by the certificate of deposit had been transferred to the plaintiff by her husband with intent to defraud his creditors, and being for that reason fraudulent and void, was subject to attachment at the instance of his creditors, cannot, under the issues presented by his

answer, be maintained. Such a claim concedes the validity and completeness of the transfer as between the parties, but seeks to set it aside in favor of creditors upon the ground that it was made with a fraudulent intent; and inasmuch as such fraudulent intent is "one of fact, and not of law" (Civ. Code, sec. 3442), it is necessary for one who would avail himself of this fact to aver it in his pleading as one of the elements of his cause of action or defense. The appellant made no averment of this fact in his answer, but relied therein upon the ground that the money was at all times the property of the husband, and was never the separate property of the plaintiff, as she had alleged in her complaint, and that its deposit by her in the bank was "as the agent" of her husband, and that the certificate of deposit was issued to her "as the agent and trustee" of her husband, and "not otherwise." Upon this issue there was evidence before the jury from which it could find that the money had been given to the plaintiff by her husband, and was her separate estate. If the appellant had intended to avoid such gift, he should have made proper averments therefor in his answer, in order that the plaintiff might meet them at the trial. Fraud is never to be presumed, and whenever it constitutes an element of a cause of action or of a defense which is of an affirmative nature, and invoked as conferring a right against the plaintiff, it must be alleged. The necessity of such averment in the present case is apparent from the facts shown at the trial. The homestead from which the money was derived was not subject to the claim of any creditor of the plaintiff's husband, and a transfer of it by the husband to her could not, under any circumstances, be held as a matter of fact to be with the intent to defraud his creditors. His creditors could not, by any legal process, take the property covered by the homestead, and its voluntary transfer to the wife would not "obstruct the enforcement by legal process of any right to take the property affected by the transfer" (Civ. Code, sec. 3441), neither would such transfer of its proceeds.

The defendant, having received the certificate as a mere .depositary for safe-keeping, was bound to deliver it to the plaintiff on demand, unless he had a lien upon it, or was forbidden or prevented from doing so by the real owner or by the act of the law, and had given the notice required by section 1825 of the Civil Code. (Civ. Code, sec. 1822.) The only excuse given for not delivering it was the garnishment served upon him in the suit against her husband. It is not claimed that the appellant gave or attempted to give the plaintiff any notice of such garnishment until after she had made the demand, and her testimony that at the time of depositing the certificate with him she informed him of her place of residence was not disputed by him.

A bailee can assert a *jus tertii* in an action by the bailor only when he defends on such title, and by the authority of such third person. (*Palmtag* v. *Doutrick*, 59 Cal. 168; *Dodge* v. *Meyer*, 61 Cal. 423.) When the bailor has obtained the property by some fraud practiced upon the true owner, the bailee can, upon the authority of such true owner, or when he has been forbidden to make delivery of the property, defend upon such true owner's title; but he always assumes such defense at his peril, and takes upon himself the burden of showing the right to retain the property under such instructions.

In the present case, the appellant does not pretend that the husband has given him any authority to make the defense, but his claim to retain the certificate is based upon his other claim, that the money as well as the certificate was never given to the plaintiff, but was held by her for her husband as his agent, and that a garnishment therefor against the husband has been served upon him; and the only ground upon which, in his answer, he justified his refusal to deliver it to the plaintiff is, that ever since the fourth day of September, 1888, he has held, and does now hold, said certificate " under and pursuant to said writ of attachment, and the said notice and command of said sheriff as aforesaid." Such right to hold the certificate depends entirely upon his ability to

prove that it belonged to her husband, but the evidence showing that the husband had given the money to the plaintiff destroyed the defendant's right to retain the certificate under this claim.

Various exceptions were taken at the trial to the rulings of the court and its instructions to the jury, but an examination of the record shows that the court instructed the jury in accordance with the principles herein, and in its other rulings we are of the opinion that no error was committed which would justify a reversal of its judgment or order.

The judgment and order denying a new trial are affirmed.

PATERSON, J., and GAROUTTE, J., concurred.