[Sac. No. 1100. Department Two.—March 27, 1905.]

## H. G. PAYNE, Appellant and Respondent, v. J. W. CUMMINGS, Sheriff, etc., et al., Respondents and Appellants.

HOMESTEAD—RURAL DISTRICT—CONTIGUOUS LAND—AREA NOT LIMITED EXCEPT AS TO VALUE—EXEMPTION.—The area of property which may be covered by a declaration of homestead in a rural district is not limited, except to confine its value to the sum of five thousand dollars. A declaration of homestead upon community property covering five hundred and twenty-three and ninety-four one hundredths acres of contiguous land of the value of three thousand dollars, including a pre-emption claim and a desert-land claim, and water-rights in which the claimant had a part interest appurtenant to the desert claim, is valid, and exempts the whole property claimed from execution.

ID.—INJUNCTION TO RESTRAIN EXECUTION SALE—PROOF AS TO DESERT-LAND CLAIM.—In an action for an injunction to restrain an execution sale of the desert-land claim and water-rights included in the declaration of homestead, it was not necessary to prove that the desert-land claim was devoted to any special or profitable use, or to any use other than as part of the homestead resided upon and declared upon. It is sufficient that it was not devoted to any use inconsistent with its use as a homestead.

ID.—PART INTEREST IN WATER-RIGHTS—APPURTENANCE TO HOMESTEAD.—The interest of the claimant in the water-rights, ditches, etc., though it was only a partial interest in an entire water system held jointly or in common with others, yet, as it was obtained specially for use upon the land claimed as a homestead, and was necessary and appurtenant thereto, became part and parcel of the homestead.

ID.—DEATH OF WIFE—SUBSEQUENT CONVEYANCE BY HUSBAND—EXEMPTION NOT AFFECTED.—Upon the death of the wife the homestead declared upon the community property vested absolutely in the husband, and continued exempt from all previous debts. The husband has the absolute power of disposition of such property after the wife's death, and his exemption is not abandoned or affected by the conveyance of a moiety of the desert-land claim and water-rights by the husband to third parties.

ID.—EXEMPTION OF INTEREST CONVEYED.—The interest conveyed having been at all times exempt from execution for previous debts, is still exempt therefrom in the hands of his grantee.

ID.—JUDGMENT AGAINST HUSBAND AFTER WIFE'S DEATH—PRIOR DEBT—INJUNCTION AGAINST SALE.—An injunction will lie to restrain the sale under execution of any part of the premises covered by a homestead claim for any unsecured debt contracted by the husband prior to his wife's death, although judgment was recovered against the husband subsequent to her death.

CROSS-APPEALS from a judgment of the Superior Court of Modoc County. J. E. Prewett, Judge presiding.

The facts are stated in the opinion.

J. H. Stewart, E. C. Bonner, and G. F. Harris, for Plaintiff, Appellant and Respondent.

Spencer & Raker, and Clarence A. Raker, for Defendants, Respondents and Appellants.

GRAY, C.—This is an action for an injunction to restrain an execution sale of plaintiff's homestead. The homestead was declared upon and covered 523.94 acres of contiguous land situated in Modoc County, of the value of three thousand dollars. Of this land one hundred and sixty acres constituted what was known as the "Payne Pre-emption," and the rest was known as the "Desert Claim." The declaration of homestead also included certain water-rights, reservoirs, and ditches in which plaintiff had a joint interest and which interest was appurtenant to the lands in question.

The findings and judgment are to the effect that the defendants do not intend to sell, and have not advertised for sale, the Payne Pre-emption. It is also found and adjudged that there is no homestead upon any portion of the desert claim. It is further adjudged that the water-rights, ditches, dams, res-

ervoirs, flumes, etc., are subject to the lien of the judgment and are not exempt from execution on account of the homestead.

The plaintiff, Payne, on June 7, 1897, by deed conveyed to J. H. Stewart and D. W. Jenks a one-third undivided interest in the desert claim, and the water-rights, ditches, etc., appurtenant thereto. It is decreed that whatever right, title, or interest was conveyed by said deed is not affected by the judgment, and that only the interest in said desert claim and the appurtenances thereto remaining in plaintiff be sold under the execution. The plaintiff appeals from the whole judgment, and the defendants appeal from that portion only which declares that the deed to Stewart and Jenks conveyed a one-third interest in the property and exempts the interest so conveyed from the execution sale.

*The appeal of plaintiff.* The declaration of homestead was in due form, and was duly executed and filed by plaintiff on the second day of October, 1888. It described and claimed the whole property, including the pre-emption, the desert claim, and the water-rights, reservoir, reservoir site, ditches, dams, and flumes, as a homestead, and declared the value of the whole to be three thousand dollars. At that date the plaintiff was, with his family, living in a house on the pre-emption claim, and all the property was the community property of plaintiff and his wife. Plaintiff's title was that of pre-emption and desert-land claimant, which claims he afterwards perfected, and obtained patents to all the land. Thereafter, and on the ninth day of March, 1890, the plaintiff executed to the Siskiyou County Bank, one of the defendants herein, his promissory note. On the ninth day of November, 1893, the wife of plaintiff died. In December, 1895, the said bank recovered judgment against plaintiff on said note. Thereafter, in January, 1896, the said bank caused execution to issue on said judgment, and caused the same to be levied upon the desert claim, water-right, reservoir site, ditches, etc., appurtenant thereto.

The homestead embracing the desert claim as it did had the effect to exempt the same from execution. The water-rights, ditches, reservoir site, etc., appurtenant to said desert claim were also part of said homestead, and likewise exempt.

The findings and conclusions of the court to the contrary are based upon a wrong theory and are erroneous. The land was contiguous, and although it had been obtained from the government by different titles, it constituted but one tract of land, all resided upon, and in the possession and occupancy of the plaintiff. It was not necessary that it should be inclosed with a fence. Ditches had been built and water conducted by plaintiff upon the desert claim during the year 1888 and a part of 1889, and plaintiff's house where he resided being on the pre-emption claim evidenced a residence upon and occupancy of the entire tract, including the desert claim. He included the whole tract in his declaration, and claimed it all as his homestead. The entire property is conceded to be under the five-thousand-dollar limit of value allowed by law to the homestead claimant. It was not necessary to show that the desert claim was devoted to any particular or profitable use by plaintiff. Nor was it necessary to show that he devoted it to any use at all other than as a part of his home place or homestead. It was sufficient to show that it was devoted to that purpose, so resided upon, so occupied, so declared upon, and not used in any manner inconsistent with its use as a homestead. Those cases, applying to city or other property used altogether or chiefly for business purposes, have no application to a case of this character, where the property is situated in a rural district where farming or grazing is the only useful purpose it can be devoted to in addition to making a home of it. Our code places no limit on the amount of property that may be claimed as a homestead except to confine it to the value of five thousand dollars. "The homestead consists of the dwelling-house in which the claimant resides and the land on which the same is situated, selected as in this title provided." (Civ. Code, sec. 1237.) There is nothing to be found in the above section or elsewhere in the code that can properly be constructed into a limitation of the area of the homestead as applied to property here in question. The homestead declared upon may embrace an area even greater in value than the five-thousand-dollar homestead exemption allowed by section 1260 of the Civil Code. In such a case the homestead is not void, but proceedings must be had under section 1245 et seq. of the Civil Code for the appraisement and division or sale of the property. Let the area be ever so

large, no division even can be had in court except for excess
in value. A careful examination of all the cases in this state
wherein it has been held that the homestead declaration cov-
ered property that could not be properly treated as a part of
the homestead will disclose that in every such case the prop-
erty excluded from the homestead was either occupied as the
home of some person other than the homestead claimant, or
had on it a house in which an independent business was car-
ried on, or was devoted to some other purpose entirely foreign
to and inconsistent with its use as a homestead. In many
cases in this state hundreds of acres of land in the country,
fenced and cross-fenced, have been held to be properly em-
braced in the homestead. In one case (*Ornbaum* v. *His Credi-
tors,* 61 Cal. 455) a homestead was declared upon eleven hun-
dred acres of land, three hundred acres of which was inclosed
with a fence, and the rest, uninclosed, used by the homestead
claimant in conjunction with his neighbors as grazing land,
the dwelling-house being situated on the inclosed part, and it
was held that the whole property was impressed with the
character of a homestead. It was also held that the fact that
title to much of the uninclosed portion of the land was subse-
quently acquired by the claimant from third parties who had
pre-empted the same did not affect the homestead. The court
said in that case: ''Now it is objected that Ornbaum had no
actual residence on the land outside of his inclosure at the
time the declaration of homestead was filed. His residence
within the inclosure was sufficient upon the facts as found.
He had title to and exercised control over all the land. The
evidential facts inserted in the findings of fact (we refer to
those as to the neighbors grazing the uninclosed portion, and
the taking up of pre-emption claims on the land) have no
proper place there, but they, with the other facts found, and
which follow them in order in the findings, sustain the judg-
ment of the court.'' The fact that the land here was desert,
and presumably unfit for agricultural purposes, is no good
reason why it could not be claimed as and with the pre-
emption claim devoted to the uses of a homestead until it
could be reclaimed and made fit for grazing or some other
agricultural purpose. The question of ''use'' as applied to
the homestead relates always, as will be seen from an exam-
ination of the cases, to the use of the property as a home. If

it is used as a home, or as a part of the home place, it is imma-
terial whether it is farmed, grazed, or devoted to no agri-
cultural use at all. The material thing to be shown is, that it
is devoted to use as a home for the claimant and his family,
and that no part of it is applied to any use inconsistent there-
with. It is plain that land may be used to live on solely with-
out being devoted to any other use at all and still be a home-
stead.

The interest in the water-rights, ditches, etc., though it was
but a partial interest in an entire water-system held jointly
or in common with others, yet as it was obtained specially for
use upon the lands claimed as a homestead, and was necessary
and appurtenant thereto, it became part and parcel of the
homestead. (*Fitzell* v. *Leaky,* 72 Cal. 477.) No part of the
entire property can be subjected to execution in the absence of
a showing that it exceeds in value the statutory exemption.
The homestead was not abandoned as to any portion of the
desert claim by the deed of the plaintiff to his wife in her
lifetime of the pre-emption claim. For section 1243 of the
Civil Code provides: "A homestead can be abandoned *only*
by a declaration of abandonment, or a grant thereof, executed
and acknowledged: 1. By the husband and wife, if the claim-
ant is married." A deed by the husband alone is not a grant
executed and acknowledged by the husband and wife. (*Freier-
muth* v. *Steigleman,* 130 Cal. 392.[1])

Nor did any subsequent deed of the husband of any moiety
or part of any portion of the entire property have the effect
to abandon or nullify the homestead exemption as against the
execution in question. When the wife died, the homestead,
so far as it related to the desert claim, having been selected
from the community property, vested absolutely in the sur-
viving husband, the plaintiff herein, and it continued free
and exempt from all previous debts, including plaintiff's debt
theretofore incurred to the bank. (Code Civ. Proc., sec. 1474.)
The sale by him of any interest, joint or several, in any part
or parcel of the property thereafter could have no effect upon
his right to claim this exemption. He had the right there-
after to deal with the property any way he chose without re-
gard to his previous debts. So far at least as those previous
debts were concerned, the property was exempt, and no sale

[1] 80 Am. St. Rep. 138.

of any mere interest in the property could waive that exemption, and of course his grantees took title from him free from all lien or liability against the property on account of such debts. The cases like *Carroll* v. *Ellis,* 63 Cal. 440, in which it has been held that a homestead should be treated as abandoned where the husband and wife joined in a deed of an undivided interest in the property to a third person, are not governed by the same principle as this case. In those cases both spouses were living and joined in the deed. Here one of the spouses was dead, and the deed of the undivided interest was made by the surviving spouse alone. As said in *Dickey* v. *Gibson,* 113 Cal. 31:[2] "By the death of the first wife the homestead property vested absolutely in the surviving husband, Samuel Gibson. As far as the legal title is concerned, it vested in him as fully and perfectly as though no homestead had ever been carved out of it. The limitations and immunities which accompanied the enjoyment of the property under such title modified, not the title, but its enjoyment, and were only such as the statute imposed." The interest of plaintiff in the property, after his wife's death, became something different and greater than it was in her lifetime. He had then not only the absolute title, but also the absolute right of exemption in the property from all former debts, as well as the right to dispose of it in any way he saw fit.

By reason of their claims against plaintiff the defendants had no interest whatever in the property, as it was absolutely exempt from such claims. They could not be injured nor could any right of theirs be prejudiced by any disposition that the plaintiff might see fit to make of the property. Therefore, there is no good reason for extending the doctrine of those cases which hold that a homestead cannot affect an undivided interest in land, and that a subsequent sale of such interest is an abandonment of the homestead, to a case like this where the undivided interest has not been conveyed until after the death of one of the spouses, and the whole title to the homestead has "vested absolutely" in the survivor.

The facts found are sufficient to warrant a decree as demanded by plaintiff.

*The appeal of defendants.* From what has already been said it is apparent that the interest in the desert claim con-

---

[2] 54 Am. St. Rep. 321.

veyed to Jenks was at all times and still is exempt from defendants' judgment.

The appeal of defendants should be dismissed. The judgment should be reversed upon plaintiff's appeal, and the court below should be directed to enter a decree upon the findings forever enjoining and restraining the defendants from selling any portion of the property under the judgment or execution in question.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the appeal of defendants is dismissed, the judgment is reversed upon plaintiff's appeal, and the court below directed to enter a decree upon the findings forever enjoining and restraining the defendants from selling any portion of the property under the judgment or execution in question.

Henshaw, J., Lorigan, J., Shaw, J.