[Civ. No. 332.   First Appellate District.—December 13, 1906.]

## SARAH NICHOLDSON, Respondent, v. W. J. NESBITT, Sheriff of Monterey County, Appellant.

CONVEYANCE OF HOMESTEAD TO DAUGHTER—RECORD—SUBSEQUENT TRANSCRIPT OF JUDGMENT—LIEN NOT CREATED.—After a conveyance of a properly declared homestead, executed by the husband and wife to their daughter, in consideration of love and affection, has been duly recorded, the subsequent record of the transcript of a judgment against the husband can create no lien upon the property.

ID.—CONVEYANCE NOT A FRAUD UPON CREDITORS.—The homestead property declared being exempt from execution of the suit of any creditors of the husband, the transfer thereof to the daughter could not operate as a fraud upon his creditors. They could not reach it, if not conveyed, and the motives for the conveyance do not concern them.

ID.—INJUNCTION AGAINST SHERIFF'S SALE.—The daughter, as grantee of the homestead property, may maintain a suit to enjoin the sale of the property by the sheriff under execution against her father at suit of his creditor.

APPEAL from a judgment of the Superior Court of Monterey County.   B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Dickerman & Torchiana, for Appellant.

Zabala & Wyatt, for Respondent.

HARRISON, P. J.—Action to enjoin the appellant, as sheriff of the county of Monterey, from selling certain real property of the plaintiff situate in that county, under an execution issued upon a judgment against her grantor. Judgment was rendered in favor of the plaintiff, and the defendant has appealed therefrom upon the judgment-roll without any bill of exceptions.

April 14, 1892, Murdock Nicholdson was the owner and seised in fee and in possession of the real property described in the complaint, and was a married man residing thereon with his family, and on that day Emma M. Nicholdson, his

wife, made, executed and acknowledged a declaration of homestead in proper form upon said property, which was duly recorded in the office of the county recorder of that county. The said homestead was not abandoned until January 12, 1903, when said Nicholdson and his wife executed a conveyance thereof to the plaintiff herein (who is their daughter), which was duly recorded the next day in the office of the county recorder, and she has since said conveyance been in the possession of said property. No money or other valuable consideration was paid by her for said property—the conveyance to her reciting the consideration of ''love and affection.''

July 16, 1902, a judgment was rendered by the superior court in and for the county of Santa Clara in favor of Michael Cassin and John Tarpey and against the aforesaid Murdock Nicholdson for the sum of $2,050.72, which is still unsatisfied. At the time of the aforesaid conveyance to the plaintiff the said Murdock Nicholdson had no other property with which to satisfy said judgment. February 13, 1903, a duly certified transcript of the docket of said judgment was filed in the office of the county recorder of Monterey county. June 5, 1903, a writ of execution upon said judgment was issued out of the superior court of Santa Clara county, and placed in the hands of the appellant as sheriff as aforesaid, with instructions to levy the same on the aforesaid real property. Under said instructions the appellant, on July 1, 1903, levied the said writ of execution upon the property, and gave notice, in the manner provided by law, that he would, by virtue of said writ and levy, sell the same in satisfaction of the aforesaid judgment. The plaintiff thereupon commenced the present action to restrain him from making the sale. The sheriff filed an answer to the complaint, and defended his action upon the aforesaid writ. The other defendants made no appearance in the case.

Upon these facts the superior court held that the plaintiff was the owner in fee of the property, and that it was not subject to the lien of the judgment against her grantor, or liable for the payment of any portion thereof, and rendered judgment enjoining the sheriff from selling the same and from taking any further proceedings under said writ.

As the conveyance to the plaintiff and the record thereof were made prior to the time when the transcript of the docket of the Santa Clara judgment was filed in Monterey county, the filing of the transcript of that docket created no lien upon the property described in the complaint. The property was therefore not affected by the judgment until the levy thereon under the writ of execution issued out of the Santa Clara court, and prior to the time of such levy the property had been conveyed to and stood of record in the name of the plaintiff, without any interest therein in the judgment debtor. Accordingly, the sheriff defends his acts and his right to sell the property by virtue of this levy, upon the ground, as alleged in his answer, that the conveyance to the plaintiff is void in that it was executed for the purpose of delaying and defrauding the creditors of said Murdock Nicholdson, and especially said Tarpey and Cassin, and in support thereof invokes the provisions of section 3442, Civil Code, that ''Any transfer or encumbrance of property made or given voluntarily or without a valuable consideration by a party while insolvent, or in contemplation of insolvency, shall be fraudulent and void as against existing creditors.'' Section 3441, Civil Code, declares: ''A creditor can avoid the act or obligation of his debtor for fraud only where the fraud obstructs the enforcement by legal process of his right to take the property affected by the transfer or obligation''; and section 3442 is to be construed with the limitations provided in this section. A voluntary transfer of property by an insolvent is valid against all persons except his creditors, and can be impeached as fraudulent by them only when they have been defrauded thereby. Under section 3440, Civil Code, the transfer must not only be fraudulent, but it must be made with intent to defraud his creditors. But unless the transfer can have the effect of defrauding the creditor there can be no presumption that the insolvent intended to defraud him. If the creditor could not under any circumstances cause the property so transferred to be applied toward the satisfaction of his debt he has suffered no injury, and cannot claim to have been defrauded.

As the property herein involved was the homestead of the judgment debtor, and for that reason exempt from execution or forced sale in satisfaction of the judgment upon which the writ of execution was issued, it was beyond the reach of the

judgment creditor, and therefore he was not defrauded by the transfer. In *Wetherly* v. *Straus*, 93 Cal. 283, [28 Pac. 1045], the homestead had been sold, and the husband had made a gift of the proceeds to his wife, for which she had taken from a banking house a certificate of deposit in her own name. Thereafter certain creditors of her husband sought, by a writ of attachment, to subject this certificate of deposit to their claims against the husband. The supreme court held: "The homestead from which the money was derived was not subject to the claim of any creditor of the plaintiff's husband, and a transfer of it by the husband to her could not under any circumstances be held as a matter of fact to be with the intent to defraud his creditors. His creditors could not by any legal process take the property covered by the homestead, and its voluntary transfer to the wife would not 'obstruct the enforcement by legal process of any right to take the property affected by the transfer' (Civ. Code, sec. 3441); neither would such transfer of its proceeds." "As general creditors have no claim or lien upon the homestead of the debtor it follows naturally that a conveyance or encumbrance of such homestead cannot as a rule be fraudulent as against them. And this has been held true though there was no consideration for the conveyance." (Am. & Eng. Ency. of Law, p. 664, citing in support of the last proposition authorities from several states.) "Creditors are held not defrauded by the conveyance of the homestead without consideration. Having no right to make their money by execution against it, they have no cause to complain. It is incumbent on the creditor who complains of a fraudulent conveyance to show that his debtor has disposed of property that might otherwise have been subjected to the satisfaction of his debt. Until this is done no injury appears. Creditors cannot complain that a conveyance of a homestead is fraudulent as to debts for the payment of which it cannot be taken in execution. They could not reach it if not conveyed, and hence the motives for the conveyance do not concern them." (Waples on Homestead, 519. See, also, *Thomson* v. *Crane*, 73 Fed. 329; *Fellows* v. *Lewis*, 65 Ala. 343, [39 Am. Rep. 1]; *Rhead* v. *Hounson*, 46 Mich. 244, [9 N. W. 267]; *Stanley* v. *Snyder*, 43 Ark. 430; *Anderson* v. *Odell*, 51 Mich. 492, [16 N. W. 870]; *Tracey* v. *Cover*, 28 Ohio St. 61; *Arthur* v. *Wallace*, 8 Kan. 267.)

We cannot entertain the proposition of the appellant to modify the judgment of the superior court so that the defendants may have it determined whether the value of the homestead premises exceed the sum of $5,000; no issue of that nature is presented in the defendant's answer, nor was any motion of that nature presented to the superior court; nor is any fact set forth in the record upon which such modification could be based.

The judgment is affirmed.

Cooper, J., and Hall, J., concurred.