(No. 4663.   May 14, 1927.)

## MYRTLE CAMPBELL, Respondent, v. LARGILLIERE COMPANY, BANKERS, a Corporation, Appellant.

[256 Pac. 371.]

HOMESTEAD — OWNER'S REMOVAL NOT ABANDONMENT — CONVEYANCE AFTER REMOVAL NOT FRAUDULENT—RIGHT OF GRANTEE.

1. Under C. S., sec. 5443, providing for abandonment of homestead only by declaration of abandonment, or grant or conveyance thereof, removal of owner from estate and continued residence out of state does not constitute declaration of abandonment of homestead.

2. Conveyance of homestead after owner's removal from state even though without consideration *held* not fraudulent as to judgment creditor, in that property was exempt under C. S., sec. 5443, before conveyance, and judgment creditor gained no rights by transfer.

3. Grantee of a homestead holds it free from a judgment which could not have been asserted against it when it remained the homestead of his grantor.

APPEAL from the District Court of the Fifth Judicial District, for Caribou County.   Hon. O. R. Baum, Judge.

Action to quiet title.   Judgment for respondent.   *Affirmed.*

R. J. Dygert, for Appellant.

An exemption is a personal privilege of the judgment debtor that can be claimed by him or waived at his will. (*Grice v. Woodworth*, 10 Ida. 459, 109 Am. St. 214, 80 Pac. 912, 69 L. R. A. 584; *Gee v. Moore*, 14 Cal. 472.)

Publisher's Note.

3. See 13 R. C. L. 622.

See Fraudulent Conveyances, 27 C. J., sec. 66, p. 441, n. 56, p. 443, n. 57.

Homesteads, 29 C. J., sec. 325, p. 920, n. 43, 44, 48, 49; sec. 369, p. 945, n. 54, 55.

The homestead can be abandoned only by a declaration of abandonment of a grant or conveyance thereto executed and acknowledged, (1) by the husband and wife, if the claimant is married; (2) by the claimant, if unmarried. (C. S., sec. 5443.)

Removal from the state is held to be an abandonment of the homestead in many states. (*Arendt v. Mace,* 76 Cal. 315, 9 Am. St. 207, 18 Pac. 376; *Marriner v. Smith,* 27 Cal. 649.) And where there was a removal from the state and later a sale, it was held that there was an abandonment. (*Johnston v. Bush,* 49 Cal. 198; 29 C. J. 873 and 943.) Where there was a sale of the homestead so that the grantor might move to another state, it was held that judgment took precedence over deed. (*City Bank of Macon v. Smisson,* 73 Ga. 422.)

J. H. Peterson and E. G. Frawley, for Respondent.

A homestead is exempt from execution. (C. S., sec. 5440.)

After a declaration of homestead is filed for record the land described therein is a homestead. (C. S., sec. 5469.)

A homestead can be abandoned only by a declaration of abandonment or a grant or conveyance thereof duly executed and acknowledged. (C. S., sec. 5453; sec. 1243, Civ. Code of California.)

A judgment from the time that it is docketed becomes a lien upon all real property of the judgment debtor not exempt from execution. (C. S., sec. 6902.)

The grantee of the homestead holds it free and clear from all claims which could not have been asserted against it when it remained the property of his grantor. (*Payne v. Cummings,* 146 Cal. 426, 106 Am. St. 47, 80 Pac. 620; *Morgan v. Benthein,* 10 S. D. 650, 66 Am. St. 733, 75 N. W. 204.)

Any gift, sale or pledge of the whole or any part of the homestead to the wife or to anyone else cannot, under any circumstance, be with intent to defraud a creditor not having a lien upon the premises. (*Estate of Fath,* 132 Cal. 609, 64 Pac. 995; *Wetherly v. Straus,* 93 Cal. 283, 28 Pac.

1045; *In re McEachran,* 82 Cal. 219, 23 Pac. 46; *Nichold-son v. Nesbitt,* 4 Cal. App. 585, 88 Pac. 725; *Yardley v. San Joaquin Valley Bank,* 3 Cal. App. 651, 86 Pac. 978.)

Having no right to satisfy their claims against the homestead creditors have no cause to complain about it being conveyed. (*Gray v. Brunold,* 140 Cal. 615, 74 Pac. 303; *Wetherly v. Straus, supra;* Wapales on Homesteads, p. 519; *Nicholdson v. Nesbitt, supra.*)

Creditors have it always in their power to protect themselves either by refusing credit or by demanding such security as will protect them from loss. (*Estate of Fath, supra; Wetherly v. Straus, supra.*)

Creditors are presumed to know the law and its provisions in relation to the homestead exemption. (*Estate of McCarthy,* 7 Cal. App. 199, 93 Pac. 1047.)

WM. E. LEE, C. J.—[1] One Brown was the owner of the real property, the title to which is the subject of this action. On April 4, 1921, he claimed it as a homestead, by filing a declaration thereof. Brown removed from the property and the state about August 1, 1923, and on October 1, 1923, appellant obtained a money judgment against him. On May 26, 1924, Brown conveyed the property to respondent, plaintiff below. On July 26, 1924, appellant purchased the property at execution sale to satisfy the judgment it held against Brown. Respondent claims title by virtue of the conveyance from Brown.

It is contended that, by leaving this state and continuing to reside out of the state, Brown abandoned his homestead claim on the property, and that the judgment obtained by appellant became and was a lien on the property prior to and at the time of the conveyance to respondent. In fact, appellant takes the position that a declaration of homestead is abandoned by the owner's removal from the premises, and he cites many decisions in support of his position. Such decisions are based on statutes either making continued residence upon the land, after the . homestead declaration, necessary to the continued exemption right of the claimant, or which

directly or by plain inference limit the continuance of all exemption rights of the claimant to residence within the state. None of them deal with the continuing exemption right of the homestead claimant under a statute like ours, which in express terms, prescribes an exclusive manner of abandoning the homestead and the exemption right therein. This section, C. S., sec. 5443, provides:

"A homestead can be abandoned only by a declaration of abandonment, or a grant or conveyance thereof, executed and acknowledged . . . . "

Our statute is conclusive on the question, and the removal of the owner from the state, and his continued residence out of this state, does not constitute an abandonment of a declaration of homestead. This is the holding of the courts of California and Washington on a statute almost identical with C. S., sec. 5443. (*Porter v. Chapman*, 65 Cal. 365, 4 Pac. 237; *Tipton v. Martin*, 71 Cal. 325, 12 Pac. 244; *Waggle v. Worthy*, 74 Cal. 266, 5 Am. St. 440, 15 Pac. 831; *Simonson v. Burr*, 121 Cal. 582, 54 Pac. 87; *Hohn v. Pauly*, 11 Cal. App. 724, 106 Pac. 266; *Wentworth v. McDonald*, 78 Wash. 546, 139 Pac. 503; *Byam v. Albright*, 94 Wash. 108, 162 Pac. 10; 29 C. J. 945.)

[2] Appellant's contention that the conveyance was without consideration, made with intent to prevent the bank from collecting its judgment and invalid as against the bank's subsequent levy and purchase at the sheriff's sale, is also without merit. If the property was exempt before the conveyance, we fail to see what rights the judgment creditor gains by the transfer. [3] A grantee of a homestead holds it free from a judgment which could not have been asserted against it when it remained the homestead of his grantor. (13 R. C. L. 622; *Payne v. Cummings*, 146 Cal. 426, 106 Am. St. 47, 80 Pac. 620; *Morgan v. Bentheim*, 10 S. D. 650, 66 Am. St. 733, 75 N. W. 204.)

"In most jurisdictions, where the question has arisen, the exempt character of homestead property existing at the time of sale thereof runs with the transfer and, so far as the rights of the purchaser are concerned, no claim or judgment

can be asserted against it which could not be enforced during the time the debtor occupied it as a residence. . . . .
The rule has even been extended to transfers by the homesteader for a nominal consideration or upon no consideration whatever . . . . ''  (29 C. J. 919.)

Conceding even that the conveyance was without consideration, it could not for that reason be held to have been fraudulent as to appellant.  In *Nicholdson v. Nesbitt,* 4 Cal. App. 585, 88 Pac. 725, it is said:

''Creditors are held not defrauded by the conveyance of the homestead without consideration. Having no right to make their money by execution against it, they have no cause to complain. It is incumbent on the creditor who complains of a fraudulent conveyance to show that his debtor has disposed of property that might otherwise have been subjected to the satisfaction of his debt. Until this is done no injury appears. Creditors cannot complain that a conveyance of a homestead is fraudulent as to debts for the payment of which it cannot be taken in execution. They could not reach it if not conveyed and hence the motives for the conveyance do not concern them.''  (*Maynard v. May,* 11 Ky. Law Rep. 166, 11 S. W. 806; *Estate of Fath,* 132 Cal. 609, 64 Pac. 995; *Wetherly v. Straus,* 93 Cal. 283, 28 Pac. 1045.)

The judgment is affirmed.  Costs to respondent.

Givens, Taylor and T. Bailey Lee, JJ., concur.