[L. A. No. 16531. In Bank.—March 25, 1938.]

IDA M. MONTGOMERY, Respondent, v. WILLIAM E. BULLOCK et al., Appellants.

W. K. Dial for Appellants.

G. M. Grant and B. F. Tyler for Respondent.

WASTE, C. J.—On September 8, 1930, defendant William E. Bullock committed an assault and battery upon this plaintiff, Ida M. Montgomery. In May, 1931, she sued him for damages, and on April 26, 1932, had judgment in the sum of about $2,200. She caused execution to be issued and levied upon certain real estate which William E. Bullock and his wife, Orpah Bullock, had acquired in 1927 as community property, and at execution sale on January 30, 1933, she purchased the property for $1200. There being no redemp-

tion, she received a sheriff's deed thereto on February 15, 1934. On April 4, 1934, she commenced the present action to determine her right to the property and to quiet title. A verified answer to the complaint was filed by the Bullocks, alleging that Orpah Bullock had sold the property to defendant Grace A. James, sister of William E. Bullock. Mrs. James filed a separate answer, alleging her purchase of the property and praying that her title thereto be quieted. On issues so joined the cause went to trial. Thereafter the trial court made findings and gave judgment for plaintiff. The three answering defendants, the Bullocks and Mrs. James, appealed. The cause is now under submission on motion of plaintiff to dismiss the appeal or affirm the judgment, and on the merits. A meager bill of exceptions prints less than a page of the evidence adduced upon the trial, and the appeal is therefore presented virtually as an appeal on the judgment roll.

The real property in question consisted of a city lot in Los Angeles, 61 feet by 147½ feet, upon which had been erected a dwelling with built-in garage, used as the Bullock home, and three separate dwellings and two double garages which the Bullocks rented to tenants. William E. Bullock had no assets, save his interest in the property, and he apparently made every effort to prevent its being taken to apply in satisfaction of plaintiff's claim against him for damages. On September 15, 1930, which was about a week after the altercation in which he injured plaintiff, he deeded the property, without consideration, to his wife, who admittedly knew as well as he that plaintiff had a cause of action against him for tort. On November 21, 1931, while the tort action was pending, Orpah Bullock declared a homestead upon the property, and on April 6, 1932, about three weeks prior to entry of the judgment for damages, she deeded the property to Mrs. James, her sister-in-law. The trial court found that at all times the property had been under the control of William E. Bullock, and that the several transfers thereof were all made without valuable consideration, at his instance in contemplation of insolvency, in an attempt to delay and prevent the sale of the property under execution to satisfy his liability to plaintiff, and in fraud of her rights as an existing creditor, and that at all times up to January 30, 1933 (date of execution sale), the property continued to be community property

of the Bullocks. The trial court further found that although the declaration of homestead contained a description of the property as a whole, the only portion thereof impressed with a homestead was the dwelling house occupied by the Bullocks and the land reasonably necessary for its use, i. e., the immediate land under the house, twenty feet in front to property line, half of seven feet between the house and house north, and half of fourteen feet east of the house; that all the rest of the property, with the houses and garages rented to tenants, was business property, not impressed with the homestead. From the fact that the Bullocks, in their verified answer, claimed no right to the property, alleging its sale to Mrs. James, the trial court concluded that they had disclaimed and waived all right, title or interest therein; and from the facts as a whole, the court further concluded that neither the Bullocks nor Mrs. James had any right to or interest in the property, but that plaintiff, by virtue of her sheriff's deed, was the owner in fee simple thereof; hence the judgment for plaintiff.

█ In this action it was proper for the trial court to separate that portion of the property found to have been impressed with the homestead from the remainder of the estate, found to be business property. See *Montgomery* v. *Bullock,* 13 Cal. App. (2d) 196 [56 Pac. (2d) 564], which was a prior appeal in this cause from a judgment of nonsuit. The District Court of Appeal, in reversing the judgment, held that it is proper in a quiet title suit for a plaintiff to ask the court to determine what portion of land described in a declaration of homestead is needed for the convenient use of the claimant and what portion thereof is excess land. That holding has become the law of this case. See, also, *Wagner* v. *Ulrich,* 204 Cal. 452 [268 Pac. 629].

█ Considering first the status of that portion of the estate found to be business property, it is assumed in the absence of any showing to the contrary, that the evidence supported the trial court's finding that the conveyances thereof, including the transfer from William E. Bullock to his wife, were all made without valuable consideration and with intent to defraud his creditors. Upon such finding it was proper to enter judgment quieting title to said property in plaintiff.

█ Considering secondly the status of that portion of the estate found to have been impressed with the homestead, we

are of the view that the trial court erred in quieting title in plaintiff for the following reasons:

The conveyance of September 15, 1930, by William E. Bullock to his wife, found to have been made in contemplation of insolvency, with intent to defeat plaintiff's claim, was void against plaintiff (secs. 3439–3442, Civ. Code), and the property remained the community property of the Bullocks. The portion of said community property which was used for the family home was subject to homestead by the wife (secs. 1238–1265, Civ. Code). She declared a homestead prior to the time plaintiff's claim merged into a judgment.

■ As the doctrine bearing upon conveyances made to hinder, delay, and defraud creditors has no application to the creation of a homestead, the homestead here was not invalidated by reason of the pendency of plaintiff's tort action, and it was exempt from execution or forced sale in satisfaction of the judgment for damages later obtained by plaintiff in said action. (*Schmidt* v. *Denning*, 117 Cal. App. 36 [3 Pac. (2d) 322]; *Beaton* v. *Reid*, 111 Cal. 484 [44 Pac. 167]; *Fitzell* v. *Leaky*, 72 Cal. 477 [14 Pac. 198]; *Sullivan* v. *Hendrickson*, 54 Cal. 258; 13 Cal. Jur., pp. 477, 478, sec. 51; 12 Cal. Jur., p. 962, sec. 9; Civ. Code, secs. 1240, 1241.)

■ Furthermore, it has long been the rule that a gift, sale, or pledge of any part of a homestead cannot, under any circumstances, be with intent to defraud a creditor not having a lien upon the premises, for a creditor is not entitled to complain of the transfer by the debtor of an asset which he could not have reached, had the debtor retained it. (*Nicholdson* v. *Nesbitt*, 4 Cal. App. 585 [88 Pac. 725]; *Estate of Fath*, 132 Cal. 609 [64 Pac. 995]; *Wetherly* v. *Straus*, 93 Cal. 283 [28 Pac. 1045]; 13 Cal. Jur., sec. 72, pp. 503, 504.) Thus the validity of Mrs. Bullock's conveyance of the homestead to Mrs. James was not subject to attack by plaintiff on the ground that it was made in fraud of creditors or otherwise. If the conveyance was invalid, then the property remained impressed with the homestead and was not subject to plaintiff's claim. If the conveyance was valid, then the property, in passing to the grantee, retained the exemption which it acquired by reason of the homestead. In either event the matter was no concern of plaintiff, for she could not reach the homestead or the fruits of sale thereof.

■ The record indicates that the effectiveness of the transfer of the homestead by Mrs. Bullock may be open to question because apparently Mr. Bullock did not join with her in executing and acknowledging the instrument by which she purported to convey it to Mrs. James. (Sec. 1242, Civ. Code; 13 Cal. Jur., secs. 62, 66, p. 491 et seq.) However, so far as this cause is concerned, Mr. Bullock was the only party who might have complained of the deficiency, and he joined with Mrs. Bullock in averring, in their verified answer, that they claimed no right, title, or interest in the property; that when they were unable to meet payments on the encumbrance upon it, it was conveyed by Mrs. Bullock for a valuable consideration to Mrs. James. This pleading constituted a disclaimer by the Bullocks in favor of Mrs. James, their non-adversary codefendant, but not in favor of plaintiff, and in view of Mrs. James' prayer for affirmative relief, under the circumstances shown it would have been proper for the trial court to have quieted title to the homestead in her as against plaintiff. The validity of the transfer of the homestead, as between the Bullocks and Mrs. James, would not be affected by such adjudication, as no rights between said parties were at issue in this cause. We may add that it appears from the findings that prior to the trial of this action on December 4, 1936, the homestead was conveyed back to Mrs. Bullock.

The motion to dismiss or affirm is denied. The judgment is reversed, with instructions to the trial court to amend its findings and conclusions to conform to the views above expressed, and to enter a proper judgment quieting the title of defendant Grace A. James to that portion of the property impressed with the homestead, and quieting the title of plaintiff to the remainder of the property; each side to bear its own costs on this appeal.

Edmonds, J., Curtis, J., Langdon, J., Shenk, J., Seawell, J., and Houser, J., concurred.