[No. B072599. Second Dist., Div. Four. Sept. 26, 1994.]

AGOSTINO TASSONE et al., Plaintiffs and Respondents, v.
GONZALO TOVAR et al., Defendants and Appellants.

766

**COUNSEL**

Kenneth D. Shirley for Defendants and Appellants.

Robert Pacheco for Plaintiffs and Respondents.

**OPINION**

**EPSTEIN, J.**—Gonzalo and Felicitas Tovar and their son Nefi Tovar appeal from a judgment entered in favor of Agostino and Catherine Tassone for

fraudulent transfer. Appellants argue that there cannot be a fraudulent transfer, as to a creditor, of property subject to a declaration of homestead because such property is exempt from creditors up to the value of the homestead. We agree and reverse the judgment in its entirety.

## FACTUAL AND PROCEDURAL SUMMARY

In 1980, respondents sued appellants Gonzalo and Felicitas Tovar alleging fraud in the sale of real property. In October 1980, after suit was filed, appellants Gonzalo and Felicitas Tovar executed and recorded a declaration of homestead on their house. By grant deed, dated and delivered February 11, 1986, Gonzalo and Felicitas Tovar conveyed the house as a gift to their son, appellant Nefi Tovar, and his wife, Sylvia Tovar. Shortly after that, on May 1, 1986, Nefi Tovar and his wife sold and deeded the house to a third party for $90,000. Both deeds were recorded on May 5, 1986.

At the time of the sale, the applicable homestead exemption was $55,000.[1] The net proceeds on the sale were $36,675.05, paid to Nefi Tovar and his wife. Nefi Tovar and his wife used the proceeds towards payment of some of their parents' debts and expenses, the purchase of a car for the parents and a house for themselves, and for cash gifts to other siblings. None of the proceeds were used to buy a new home for the parents.

On April 8, 1986, a default judgment was entered in favor of respondents in the 1980 lawsuit. Notice of the entry of judgment was sent to appellants in May 1986, after the Tovars had deeded the house to their son and his wife. In February 1990, respondents sued appellants and Sylvia Tovar. They sought "annulment" of the sale of the house and damages for fraudulent transfer by conspiracy, fraudulent transfer-insolvency, and conversion of the house. The trial court decided in favor of appellants on the first cause of action for annulment of the sale of the house and the fourth cause of action for conversion. Respondents prevailed on the other causes of action.

The trial court concluded that the conveyance from parents to son and daughter-in-law was made with actual knowledge of respondents' claim and with intent to hinder, delay and defraud respondents in executing their default judgment. The court also found that appellants had agreed that appellants Gonzalo and Felicitas Tovar would divest themselves of the only asset they had, the house, and that the proceeds would be distributed among their children, one of whom was appellant Nefi Tovar. Damages of $37,720.74 plus interest were awarded, together with punitive damages of $5,000, against each appellant. Appellants appeal from the judgment.

---

[1]The present amount for a debtor or spouse residing in the homestead is $75,000. See former and present Code of Civil Procedure section 704.730, subdivision (a)(2).

## DISCUSSION

■ Appellants argue that declared homesteads are not subject to the law of fraudulent conveyances, because such property is exempt from execution by creditors up to the value of the homestead. California law supports that position. Because it does, we need not and do not decide issues raised concerning intent to deceive, or the claim that the trial court granted relief under a statute not invoked in respondents' complaint. Even were respondents correct with respect to either or both of these issues, they would not prevail in the face of the declared homestead on the property and the fact that the sale proceeds fell below the amount protected by that declaration.

A judgment lien attaches to property in the amount of any surplus over the total of all liens and encumbrances on the declared homestead and the homestead exemption. (Code Civ. Proc., § 704.950, subd. (c).) ■ " '[I]t has long been the rule that a gift, sale, or pledge of any part of a homestead cannot, under any circumstances, be with intent to defraud a creditor not having a lien upon the premises, for a creditor is not entitled to complain of the transfer by the debtor of an asset which he could not have reached, had the debtor retained it.' " (*Oppenheim* v. *Goodley* (1957) 148 Cal.App.2d 325, 328 [306 P.2d 944], quoting *Montgomery* v. *Bullock* (1938) 11 Cal.2d 58, 62 [77 P.2d 846], fn. omitted.) "[I]f the homestead is valid, no attempted disposition or conveyance of the property, however fraudulent, injures the creditor. For such act, whether effective or not, leaves the creditor in the same position in which he would have been before it was done. [Citations.] While defendant's attempt to defeat his creditors is not commendable, such conduct neither enlarges plaintiff's rights nor gives him benefits as punishment of defendant. In such circumstances the defendant's motives are immaterial. [Citation.]" (*Oppenheim* v. *Goodley, supra,* 148 Cal.App.2d at p. 329.)

■ Respondents rely on *Reddy* v. *Gonzalez* (1992) 8 Cal.App.4th 118 [10 Cal.Rptr.2d 55], for the proposition that a transfer of property with intent to shield it from creditors is a fraudulent conveyance under current homestead law. In *Reddy*, the court analyzed the effect of the 1982 changes to the homestead law with respect to declared homesteads and statutory homestead exemptions. The court concluded that, as to declared homesteads, the 1982 amendment retained the rule that a transfer of homestead protected property cannot be the subject of a fraudulent conveyance action by creditors who do not have a lien on the property. " 'Declared homesteads' were retained, as an alternative to automatic homestead exemptions, primarily 'to continue the rule under former law that a judgment lien does not attach to a declared homestead.' " (*Id.* at p. 121, quoting legis. committee com., 17 West's Ann.

Code Civ. Proc. (1987 ed.) § 704.910, p. 363.) No declaration of homestead was present in *Reddy*, and the court went on to discuss the transfer of property potentially subject to a statutory homestead exemption, a factual situation not presented in this case.

Gonzalo and Felicitas Tovar executed and recorded a declaration of homestead on their house in October 1980. Nothing in the record is cited for the proposition that respondents had a lien on the property at that time, or later. The April 1986 default judgment against appellants is not alleged to represent a lien upon the property—understandably so since, as an unrecorded document, it had no legal effect on the property. The February 1986 conveyance of the property by grant deed to appellant Nefi Tovar and his wife, and the May 1986 recording of that deed, did not affect respondents' rights. Respondents were left in the same position as they were in before the conveyance: with no claim to the property.

Finally, we note even if the default judgment had been recorded, it would not have affected the outcome of the case. The declaration of homestead protects property from creditors up to the level of exemption. Here, that level was $55,000. The proceeds from the May 1986 sale, $36,675.05, fell short of that amount. Thus, the sale of the property left respondents in the same position they held before the sale, with no claim to the property. Since the property was protected by a homestead declaration, respondents were not defrauded by the transfer. It follows that the judgment in favor of respondents must be reversed.

### DISPOSITION

The judgment is reversed. Appellants are to recover their costs on appeal.

Woods (A. M.), P. J., and Vogel (C. S.), J., concurred.