**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS, N.V., a Netherlands corporation, | No. 08-55931 |
| Plaintiff - Appellee, | D.C. No. 2:07-cv-06117-AHS |
| v. | MEMORANDUM [*] |
| KXD TECHNOLOGY, INC.; et al., | |
| Defendants, | |
| and | |
| JINGYI LUO, aka James Luo, | |
| Defendant - Appellant, | |
| WILLA LIU, | |
| Real-party-in-interest - Appellant. | |

On Appeal from the United States District Court
for the Central District of California
Patrick J. Walsh, Magistrate Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Argued and Submitted October 5, 2009
Pasadena, California

Before: KLEINFELD and TALLMAN, Circuit Judges, and POLLAK, [**] District Judge.

Appellants, Jingyi Luo and Willa Liu, appeal the denial of a $75,000 homestead exemption on their house, which Magistrate Judge Patrick J. Walsh ordered to be sold for the purpose of satisfying a civil contempt judgment against Luo from the District of Nevada.

Magistrate Judge Walsh's order stated that a homestead exemption was not recorded before the judgment lien attached and, therefore, the homestead exemption was invalid. The order states that the judgment lien attached when Luo was served with notice of a debtor's examination.

On the basis of the current record, we find that the judgment lien was not superior to the homestead exemption. Willa Liu, Luo's wife at the time of the order, recorded a homestead declaration on October 9, 2007. Recording a homestead declaration protects a specified amount in the event of a voluntary or forced sale of a home. *See* CAL. CIV. PROC. CODE § 704.910 *et seq.* (West 2009).

---

[**] The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

2

Under California law, a judgment lien does not attach to real property until an abstract of the judgment has been recorded. CAL. CIV. PROC. CODE § 697.310(a) (West 2009); *Tassone v. Tovar*, 28 Cal. App. 4th 765, 769 (Cal. Ct. App. 1994) (stating that a judgment "as an unrecorded document" has "no legal effect on the property"). In addition, the property may be subject to an automatic homestead, which applies in the event of a forced sale of a primary dwelling without the prerequisite of filing a homestead declaration. *See* CAL. CIV. PROC. CODE § 704.710 *et seq*. (West 2009). Contrary to the Magistrate Judge's order, the service of notice for a debtor's examination did not affect the appellants' entitlement to a homestead exemption because a judgment lien does not attach until an abstract of judgment is recorded.[1]

Appellee Philips argued that fraudulent conduct by Luo and Liu should render them ineligible to claim a homestead exemption. Because the record lacks sufficient evidence of the alleged fraudulent conduct, we will not address Philips'

---

[1] Based on the current record it cannot be determined with certainty when, or if, an abstract of judgment was recorded. The record contains an abstract of judgment which is dated March 14, 2008, and states "WHEN RECORDED MAIL TO" appellee's counsel. This document, if it is the recorded abstract of judgment, indicates that a judgment lien would not have attached to the property until at least March 14, 2008, more than five months subsequent to the recording of a homestead declaration by Liu.

3

arguments, which were first raised on appeal. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) ("Because we generally do not consider arguments that were not raised below and because this new issue is not purely legal, we refuse to entertain it.").

The Magistrate Judge's order lacks a basis in the record and California law, and failed to provide sufficient grounds for its denial of the claim of homestead exemption.

**REVERSED** and **REMANDED**.